330 So.2d 248 (1976)
Clara McGEHEE, Appellant,
v.
Francisco MATA and Dora Mata, Individually and d/b/a Cuba Wig Import, Appellees.
No. 75-843.
District Court of Appeal of Florida, Third District.
April 13, 1976.
Guillermo F. Mascaro, Coral Gables, for appellant.
Lopez & Harris, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Plaintiff appeals an adverse final summary judgment in this action for an accounting and return of money invested in defendants' wig business.
Upon the alleged representation of the defendants, Francisco and Dora Mata, that their wig business yielded a 30% net return and they would return her initial investment within seven months, plaintiff, Clara McGehee, paid the Matas $7,888.15 for a 1/3 partnership interest in Cuba Wig Imports. Later this business was changed from a partnership to a corporation and Ms. McGehee received 3,333 shares of stock. When her initial investment was not returned, Ms. McGehee demanded from the Matas the $7,883.15 and threatened *249 to take legal action. The attorneys for the respective parties then entered into settlement negotiations which resulted in the Matas forwarding to Ms. McGehee's attorney a $3,000 check enclosed in a letter (dated September 23, 1974) which reads in pertinent part:
"1. Enclosed I am forwarding check in the sum of $3,000.00 payable to Francisco Mata and Dora E. Mata, his wife, and endorsed over to your client, in full compliance with the terms of our agreement.
"2. I would expect to receive from you the original certificate evidencing Mrs. McGehee as being a stockholder of the corporation, duly assigned in the back thereof. I would like to have one witness to the aforesaid assignment.
"3. An executed release by Mrs. McGehee to the corporation and also to Mr. Francisco Mata and Dora E. Mata, his wife.
"4. Resignation of Mrs. McGehee as a director and officer of the corporation. I would like to have a witness, at least, attesting to the execution of the instrument of resignation.
"I believe that upon receipt of the foregoing, this matter has been effectively dealt with and to the satisfaction of everybody concerned. I look forward to receiving the above instruments, and in the meantime, I remain,"
Ms. McGehee cashed the check, endorsed her 3,333 shares of stock over to the Matas and signed a resignation as a director and officer of the corporation. Nevertheless, she refused to execute a release in favor of the Matas.
Ms. McGehee then filed the instant law suit seeking return of her $7,888.15 from the defendants on the ground of the alleged false and fraudulent representations made by them with respect to the percentage of net return yielded and the time within which her investment would be returned. She also sought an accounting for the alleged secret misappropriation of profits for defendants' own use. Defendants answered and pled the release as an affirmative defense. Subsequently, they filed a motion for summary judgment which was granted. We affirm.
If an offeror clearly attaches to his offer the condition that the offer, if taken at all must be received in satisfaction of the claim in dispute, and the other party received it, he takes that offer subject to the conditions attached to it, and the offer operates as an accord and satisfaction. See U.S. Rubber Products v. Clark, 145 Fla. 631, 200 So. 385 (1941). Further, a tender made subject to a condition upon which the party has a right to insist is a valid tender. Plank v. Arban Fla.App. 1970, 241 So.2d 198.
It is undisputed that as part of the offer to settle plaintiff's claim defendants attached as one of the conditions (upon which they had the right to insist), the execution of a general release by the plaintiff. This condition was clearly communicated to the plaintiff and/or her attorney and upon cashing the $3,000 check, she was estopped from asserting the instant claim against the defendants. See 12 Fla.Jur. Estoppel and Waiver § 46 (1957).
Affirmed.