■ WILCOX PRESS, INC., Appellant-Respondent, v BEAUTY FASHION, INC., Respondent-Appellant.—Cross appeals from an order of the Supreme Court at Special Term, entered December 8, 1978 in Tompkins County, which dismissed plaintiff's complaint and defendant's counterclaim. Defendant is the publisher of *Beauty Fashion* magazine, and in May of 1977 it hired plaintiff, a commercial printer, to perform various printing services with respect to the publication of the magazine. Plaintiff subsequently performed these services and sought payment therefor from defendant in the sum of $14,184.85. It had apparently transpired, however, that defendant had suffered a loss of $21,322.81 in advertising revenues, and it attributed these losses, at least in part, to plaintiff's shoddy workmanship and tardy deliveries. Consequently, in a letter to plaintiff dated September 7, 1977, it indicated that it was taking, as a credit against the amount it allegedly owed to plaintiff, 30% of the advertising losses, i.e., $6,396.84, and with the letter it tendered as full payment for plaintiff's services a check in the amount of $7,788.01, i.e., $14,184.85 less $6,396.84. Inscribed on the check was the statement "By endorsement this check when paid is accepted in full payment of the following account as per letter 9-7-77. If incorrect please return. No receipt necessary." Thereafter, upon the advice of its attorney, plaintiff crossed out the quoted statement, cashed the check and commenced this action to recover the balance of the $14,184.85 still allegedly remaining due. Special Term denied its motion for summary judgment and dismissed the complaint on the ground that there had been an accord and satisfaction which barred plaintiff's recovery. As for defendant's counterclaim that it was entitled to recovery of the $7,788.01 which it had paid plaintiff because, pursuant to section 3-407 (subd [2], par [a]) of the Uniform Commercial Code, plaintiff's fraudulent alteration of the tendered check served to extinguish the underlying obligation, defendant's motion for summary judgment thereon was denied and the counterclaim was dismissed. Both parties now appeal. Considering initially the dismissal of the complaint, we hold that it should be affirmed. In this instance we are presented with a disagreement between the parties as to which of two sums is properly due from defendant to plaintiff for services rendered, and defendant sought to

compromise the dispute by tendering the check for $7,788.01 which, as noted above, was offered upon the express condition that it be accepted as full payment of defendant's account with plaintiff as set forth in the letter of September 7, 1977. By its subsequent acceptance and cashing of the check, plaintiff also accepted this condition upon which it was offered. That being so, plaintiff's additional act of crossing out the statement on the check is a nullity, and as found by Special Term, there has been an accord and satisfaction which bars a recovery by plaintiff on its complaint (*Hirsch v Berger Import & Mfg. Corp.*, 67 AD2d 30; *Welbourne & Purdy v Mahon*, 54 AD2d 1046). Defendant's counterclaim was likewise properly dismissed. Since plaintiff's crossing out the statement on the check was wholly ineffective and did not serve to change the contract of any party thereto, it plainly did not constitute a material and fraudulent alteration of the check (Uniform Commercial Code, § 3-407, subd [1]) and, therefore, the counterclaim has no merit. Lastly, the court did not err in denying plaintiff's motion to compel defendant to answer interrogatories. The resolution of the other issues presented renders both the motion and the interrogatories academic. Order affirmed, with costs to defendant. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.