386 So.2d 1234 (1980)
Mitchell A. YELEN, Appellant,
v.
CINDY'S, INC., a Foreign Corporation, Appellee.
No. 79-2294.
District Court of Appeal of Florida, Third District.
July 15, 1980.
Rehearing Denied September 8, 1980.
Javits & Karp and David A. Karp, Miami, for appellant.
Musselman, Welsh & Korthals and John L. Korthals, Pompano Beach, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Appellant, acting as trustee for a group of investors, entered into a franchise agreement with appellee. Appellant paid appellee $10,000.00 as a franchise fee pursuant to the agreement.
A few months after the agreement was entered into, appellant and his group sought to rescind the franchise agreement for alleged violations of the agreement by appellee. Appellant demanded the return of the $10,000.00 franchise fee plus $2,718.00 for damages and expenses. Appellee refused to pay the amount claimed, but agreed to pay $6,000.00 in full settlement of the controversy. Appellee took the position for purposes of settlement that the maximum amount returnable, under the franchise agreement, would be $6,000.00.
Appellee sent appellant a check in the sum of $6,000.00 together with a letter[1] stating, in pertinent part:
The enclosed check is being tendered to you in full satisfaction of the current *1235 controversy existing between you and Cindy's in accordance with the terms of the enclosed mutual release. Your acceptance and depositing of this check shall constitute your and Mr. Karol's acceptance of the terms of said release. If this is not acceptable, you should return the check to me.
The conditionally delivered check contained a restrictive endorsement. Appellant struck out the restrictive endorsement on the check and substituted the following language: "Received as partial agreement without prejudice, under protest, with full exclusive reservation of rights."
After receiving payment of $6,000.00, appellant brought suit against appellee to collect the amount in dispute.
A summary final judgment was entered in favor of appellee on the grounds that there exists no genuine issue as to any material fact and the appellant was entitled to judgment as a matter of law on the issue of accord and satisfaction. This appeal followed.
It is appellant's contention that the trial court erred in ruling that appellee was entitled, as a matter of law, to a summary judgment. We cannot agree with appellant's contention and affirm. We hold that the circumstances and conditions under which appellant received and cashed the $6,000.00 check were such as to establish as a matter of law every element of appellee's defense of compromise and settlement, thereby entitling appellee to a summary final judgment. Miller-Dunn Co. v. Green, 154 Fla. 72, 16 So.2d 637 (Fla. 1944); United States Rubber Products, Inc. v. Clark, 145 Fla. 631, 200 So. 385 (1941); Bryan, Keefe & Co. v. Howell, 92 Fla. 295, 109 So. 593 (1926); Pino v. Lopez, 361 So.2d 192 (Fla. 3d DCA 1978); MeGehee v. Mata, 330 So.2d 248 (Fla. 3d DCA 1976). Cf., Hannah v. James A. Ryder Corp., 380 So.2d 507 (Fla. 3d DCA 1980); Miller v. Jung, 361 So.2d 788 (Fla. 2d DCA 1978).
Affirmed.
NOTES
[1] The "release" mentioned in and mailed with the letter, appeared as follows:

In consideration of the payment of Six Thousand Dollars and 00/100 ($6,000.00) by Cindy's, Inc. (Cindy's) to Mitchell A. Yelen, as Trustee for Herbert Karol (Franchisee), the receipt of which is hereby acknowledged, and the execution of this agreement by said Franchisee, the undersigned do hereby release each other, and said parties' agents, employees, officers and directors, from any and all claims, liability, damages, or causes of action, that they may now have against the other, including, but not limited to those arising from a certain Cindy's Franchise Agreement numbered 90-112, between the parties hereto, which Agreement is hereby terminated.
This agreement shall be binding upon the parties hereto, and their heirs, successors and assigns.