GLICKSTEIN, Judge.
This is an appeal and cross-appeal from a final judgment awarding $2,704 plus costs to appellee for a debt arising from machinery rental. We affirm the award but remand for entry of an amended final judgment to provide for interest.
Appellee brought an action against appellant in February, 1980 to collect two separate debts. One was for one month’s equipment rental, the other was for several invoices for parts and labor. In July, 1980, while the action was pending, an office secretary employed by appellant prepared and sent to appellee a check in the amount due for parts and labor. The following restrictive endorsement appeared on the back of the check:
Endorsement of this check or retention of the proceeds of this check constitutes and acknowledges payment in full to DE-WIND MACHINERY COMPANY for all labor, materials, supplies or services rendered by DEWIND MACHINERY COMPANY and shall further constitute a full and complete release of JOBEAR, INC.
The office secretary testified that just prior to sending the check she had not been in communication with any of appellee’s representatives and she had not asked any of appellee’s representatives if a check for the debt owed for parts and labor would constitute a settlement. There was no testimony *1358 that any letter of explanation accompanied the check.
An officer of appellee testified that ap-pellee’s receptionist opens the mail, stamps any checks that are received, and prepares a bank deposit slip. There was no testimony that any officer of appellee saw the check when it was received.
Appellant first contends that appellee’s acceptance of the check which expressly said that its endorsement would constitute a full and complete release of appellant acted as an accord and satisfaction as to all claims of appellee against appellant. It relies on McGebee v. Mata, 330 So.2d 248 (Fla.3d DCA 1976); Pino v. Lopez, 361 So.2d 192 (Fla.3d DCA), cert. dismissed 365 So.2d 714 (Fla.1978); and Yelen v. Cindy’s, Inc., 386 So.2d 1234 (Fla.3d DCA), pet. for rev. dismissed 394 So.2d 1154 (Fla.1980).
The trial judge’s remarks to the attorneys following their arguments on this point show that he saw in their case, as do we, a substantial difference factually from the cases cited above. In each of those cases it was perfectly clear what the debtor intended. In McGebee, supra, the check was sent with a cover letter, reciting that it was sent in accordance with the parties’ agreement and containing specific requirements. In Pino, supra, the check was issued in “Full and final payment for all goods, services and claims to date.” [1] In Yelen, supra, a letter accompanied the check, reciting that the check was in “full satisfaction of the current controversy.”
Contrary to the cases relied upon by appellant, sub judice there were two separate and distinct claims—one for rent and the other for parts and labor. The claims were pled in separate counts; the check in question says nothing of the rental indebtedness; and the language of the restrictive endorsement sustains the interpretation that the release applied to the indebtedness for parts and labor. We therefore conclude that appellant’s argument fails.
Appellant next argues as to the claim for rental that a novation occurred when its representatives asked appellee’s salesman to terminate the equipment rental and the salesman replied that he would see about it. The trial court correctly observed that the salesman did not excuse appellant from its obligation for the rent and that no further communication took place on the subject. Therefore, a novation could not have resulted.
Appellee has filed a cross-appeal, alleging that it was entitled to interest on the unpaid rent. The equipment lease agreement executed by the parties makes express provision for a late charge. Accordingly, we agree with the final judgment except for its failure to provide for interest, and remand for entry of an amended judgment which incorporates such a provision in compliance with the agreement.
AFFIRMED in part; REVERSED in part, and REMANDED.
ANSTEAD and HURLEY, JJ., concur.

. It cannot be determined from the short opinion in Pino whether that court decided the case on the merits or because of a procedural defect.