428 So.2d 779 (1983)
CITY OF DEERFIELD BEACH, a Florida Municipal Corporation, Appellant,
v.
FLORIDA NATIONAL BANK OF PALM BEACH COUNTY f/k/a Florida National Bank and Trust Company at West Palm Beach, Flagship Bank of West Palm Beach and Southeast Bank, Successor by Merger to Southeast Bank of Deerfield Beach, Appellees.
Nos. 82-465, 82-466 and 82-922.
District Court of Appeal of Florida, Fourth District.
March 30, 1983.
Joseph Easthope and Ronald J. Hartnett of Houston, Faircloth, Easthope & Traver, Fort Lauderdale, for appellant.
Victoria F. Peet of Gibson & Gibson, P.A., West Palm Beach, for appellee Florida Nat.
David D. Welch of Musselman, Welch & Korthals, Pompano Beach, for appellee Southeast Bank.
PER CURIAM.
The City of Deerfield Beach appeals from three orders dismissing its complaint against the appellee banks, with prejudice, for failure to state a cause of action.
In 1977, appellant sent Asphalt Paving Company of Florida, Inc. (Asphalt) four checks bearing language on the reverse side *780 stating that acceptance by the payee constituted a release of appellant from any obligations due to Asphalt under a construction contract. Asphalt crossed out the release statement, inserted language reserving its rights against the appellant and deposited the checks in its accounts with Florida National Bank of Palm Beach County and Flagship Bank of West Palm Beach. Southeast Bank paid the checks out of appellant's account.[1]
In 1981, appellant brought the present action against the appellee banks, alleging damages resulting from their acceptance and payment of checks containing material alterations, i.e., Asphalt's striking appellant's restrictive statement and adding a reservation of its rights to full payment. The trial court dismissed the complaint on the authority of cases holding that a reservation of rights will not defeat an otherwise valid accord and satisfaction. Eder v. Yvette B. Gervey Interiors, Inc., 407 So.2d 312 (Fla. 4th DCA 1981); Yelen v. Cindy's Inc., 386 So.2d 1234 (Fla. 3d DCA 1980), petition for review dismissed, 394 So.2d 1154 (Fla. 1980). The trial court also relied on Wilcox Press, Inc. v. Beauty Fashion, Inc., 73 A.D.2d 988, 423 N.Y.S.2d 565 (N.Y. App. Div. 1980) which held that the crossing out of restrictive language by a payee in an attempt to avoid an accord and satisfaction is ineffective to change the contract of a party to the check and so does not constitute a material alteration of the check, as defined in U.C.C. § 3-407(1). See, § 673.407(1), Fla. Stat. (1981). On the basis of the authorities above, the trial court found the complaint failed to allege, and could not be amended to allege, a cause of action against the appellee banks. It dismissed the complaint with prejudice as to each appellee in separate orders. These timely consolidated appeals followed.
All parties ask us to decide whether an accord and satisfaction has been established, in order to determine the applicability of the cases relied upon by the trial court. We decline to do so. If no accord and satisfaction exists, then appellees' failure to police the restriction on negotiability did not compromise appellant's rights against Asphalt. If an otherwise valid accord and satisfaction does exist, then under the authority of Eder and Yelen, supra, Asphalt's reservation of rights does not defeat it. Thus, whether an accord and satisfaction exists has no effect on whether the trial court properly dismissed appellant's complaint with prejudice, the issue presented by this appeal.
On the merits of this appeal, appellant presents no authority to support a cause of action by a payor against banks which accept and pay checks after a payee crosses out restrictive language by the payor and adds reservation of rights language in an attempt to avoid an accord and satisfaction. We see no reason to require banks to scrutinize any check for payor language intended to operate as an accord and satisfaction, compromise or release and then monitor any changes made by the payee in avoidance. Appellant would require banks to determine contractual relationships between payor and payee which are totally outside the contract of the check itself. Such a requirement "would be destructive and an unjustified impediment to the flow of commerce." Kinstlinger v. Manufacturers Trust Co., 280 App.Div. 729, 117 N.Y.S.2d 147, 151 (N.Y. App. Div. 1952) (rejecting an asserted requirement that a collecting bank inquire as to defective endorsements). Appellant's asserted damages arose from its contractual dispute with Asphalt, not from appellees' failure to enforce complex restrictions on negotiability.
Accordingly, we affirm all three dismissals with prejudice. We express no opinion on the accord and satisfaction issue, which will be decided in the separate breach of *781 contract action between appellant and Asphalt.
AFFIRMED.
ANSTEAD, DELL and WALDEN, JJ., concur.
NOTES
[1] In 1978, Asphalt filed a separate action against appellant for breach of the underlying contract. The trial court in that case denied appellant's motion for summary judgment on its accord and satisfaction defense. This Court denied certiorari review of that non-final order. Black, Crow & Eidness, Inc. v. Asphalt Paving Company of Florida, Inc., 372 So.2d 1011 (Fla. 4th DCA 1979).