506 So.2d 62 (1987)
ENNIA GENERAL INSURANCE COMPANY, LTD., Appellant/Cross Appellee,
v.
Albert W. AULD, M.D., Appellee/Cross Appellant.
Nos. 85-1804, 85-1947.
District Court of Appeal of Florida, Fourth District.
April 29, 1987.
Ben J. Weaver and Henry T. Wihnyk of Weaver, Weaver, Lardin & Liroff, P.A., Fort Lauderdale, for appellant/cross appellee.
Stephen C. McAliley of Stephen C. McAliley & Associates, West Palm Beach, for appellee/cross appellant.
PER CURIAM.
Appellee, Albert Auld, the owner of a seventy-foot, ocean-going vessel had an agreed-value insurance policy on the boat issued by appellant, Ennia General. When the boat was grounded in the Bahamas and became a total loss, Auld filed a claim with Ennia General for the agreed-value amount of $100,000. Ennia General refused to pay that amount, claiming that Auld breached certain policy provisions by not adequately protecting the boat from further damage after the grounding.
Ennia submitted a proof of loss to Auld which listed $75,000 as the loss and amount claimed. In satisfaction of this offer of settlement Ennia General sent Auld a company draft in the amount of $75,000. The draft had the following release language on the back:
By endorsing the draft the payees accept same in full settlement and release of all claims arising out of occurrence mentioned on the face hereof.
When Auld received the draft he changed the above language to read:
By endorsing the draft the payees do not accept same in full settlement and release of all claims arising out of occurrence mentioned on the face hereof.
(Emphasis added).
He then endorsed the draft and cashed it.
Subsequently, Auld brought suit against Ennia General for the remaining $25,000. The jury returned a verdict in his favor and awarded him the $25,000.
*63 Ennia General contends on appeal that the trial court erred in denying its motion for directed verdict on its defense of accord and satisfaction. We agree that the trial court so erred and hereby reverse the final judgment. We do so based upon our decision in Eder v. Yvette B. Gervey Interiors, Inc., 407 So.2d 312, 313 (Fla. 4th DCA 1981), wherein we held that:
[T]he payee of a check (the creditor) which is tendered in full and final performance of a disputed obligation may not, by noting on the check a reservation of rights, cash the check and thereafter successfully rely on that reservation of rights to defeat an express, written condition inscribed on the check by the debtor that acceptance constitutes payment in full.
Accord Yelen v. Cindy's, Inc., 386 So.2d 1234 (Fla. 3d DCA 1980). We find no reason to factually distinguish this matter from Eder and Yelen simply because Ennia General used a company draft rather than a check when it issued the $75,000 settlement amount to Auld.
We reverse and remand the cause for entry of judgment for Appellant Ennia General.
REVERSED and REMANDED.
GUNTHER and STONE, JJ., and POLEN, MARK E., Associate Judge, concur.