## AMTRAK v SCHULZ

Case No. 86-259 AP (County Court Case No. 86-6210SP05)

Eleventh Judicial Circuit, Appellate Division, Dade County

August 13, 1987

### APPEARANCES OF COUNSEL

**Leanne J. Frank** for appellant.

**Ricardo Schulz,** pro se.

Before BARAD, SHAPIRO, KORNBLUM, JJ.

### OPINION OF THE COURT

PER CURIAM.

Appellee Schulz arranged with Amtrak to transport eighteen boxes from Los Angeles to Miami. Mr. Schulz stated that the Amtrak agent

told him and the outdated waybill supplied by the same agent reflected that the maximum insurance coverage was $2,000.00 rather than the then limit of liability of $10,000.00.

Mr. Schulz paid a premium of ten dollars for the $2,000.00 insurance coverage on the shipment. Only seventeen boxes were received and the missing parcel was never found. After submitting an itemized list of the contents of the lost package, Mr. Schulz received a check for $113.88 in settlement from Amtrak (1/18 of the $2,000.00 insured shipment). On the reverse side of the check was a stamp stating that the payment constituted full and complete satisfaction of all further claims. This provision was stricken by Mr. Schulz. In its place he wrote "not valid and negative on that contract". Mr. Schulz then endorsed and cashed the check.

Circumstances in our society call for the constant use of negotiable instruments and sales and transfers of funds occur without cash actually changing hands on a daily basis. One such method is by bank check. Simply stated, a check is an agreement between two parties, one party promises to pay and the other to receive a certain sum. The check, a contract between payer and payee, becomes binding once acceptable of payment is made. In the case at bar, Mr. Schulz accepted its terms when he tendered the check for payment. Thus, the condition that the payment constitutes a release of any and all claims against Amtrak was accepted. Mr. Schulz could have rejected the offer by returning the check or otherwise notifying Amtrak that the offer was insufficient as to the amount owed. Negotiation of the check by Mr. Schulz amounted to an accord and satisfaction. *Goslin v. Racal, Data Communications, Inc.*, 468 So.2d 350 Fla. App. 3d Dist. 1980.

As Mr. Schulz understood the check to be a contract finalizing the dispute, the next issue involved is whether he reserved any rights he had against the moving company by noting his protest on the reverse side of the check. We hold that he did not. *Yelen v. Cindy's, Inc.*, 386 So.2d 1234, Fla. App. 3d Dist. 1980.

Reversed and remanded for the entry of a Judgment in favor of the Appellant.