DELL, Judge.
In Case No. 86-2774, appellants, Diversified Centers, Inc. (Diversified), Lakeland Properties, Inc. and The Center of Clewi-ston, Inc. seek reversal of a final judgment awarding appellee Alfredo Perez (Perez) a real estate commission. In Case No. 87-0220, appellant Perez seeks reversal of an order denying his claim for attorney’s fees. We have consolidated these appeals.
Diversified agreed to pay Perez a ten percent real estate commission for his assistance in arranging for the purchase of a parcel of land for a shopping center. Diversified also agreed to pay Perez a ten percent commission for selling a part of the property to a fast food restaurant chain. Perez successfully arranged for both the purchase and the sale. Perez would have been entitled to a commission of $72,500 for the purchase of the shopping center site and to a commission of $40,000 for the sale of the restaurant parcel.
A few months later, on December 12, 1984, Diversified wrote Perez and offered to pay, among other things, $20,000 for the commission due on the purchase of the shopping center site and $5,000 for the sale of the restaurant parcel. Diversified’s letter provided:
This letter will confirm our recent conversation regarding a commission schedule for your work at Clewiston Shopping Center. For your work with U.S. Sugar Corporation securing the land, we will pay a $20,000 commission payable at closing with U.S. Sugar Corporation. For your work in helping us with the land sale from McDonalds Corporation we will pay a $5,000 commission payable at closing.
Perez agreed to the terms of the letter. Diversified then sent a check for $20,000 with a limiting endorsement stating that “Endorsee hereby acknowledges full payment for all services rendered and all commissions due.” After Perez cashed the check he filed suit for the full amount of the commission due for the sale of the restaurant parcel. The trial court found that the cashing of the check for $20,000 by Perez did not constitute an accord and satisfaction of the December 12,1984 letter contract between Perez and appellants. The trial court’s order provides:
... The written agreement of December 12, 1984, constituted an executory accord. See [Rudick] Ruddick versus [Rudick] Ruddick, 403 Southern Second 1091 (Fla. 3d DCA 1981); Corbin on Contracts, Chapter 69 Sections 1268-1275 (West 1962).
... By failing to pay the $5,000 to Perez for the sale of the out parcel to McDonald’s Corporation, Miller failed to perform and satisfy the accord.
Consequently, Perez is entitled to recovery under the original agreement. See Vance versus Scanley [Scanlon], 121 Southern Second 709 (Fla. 2d DCA 1968) [I960],
... [T]he fact that Perez accepted and cashed Miller’s check, that is a check drawn on Lakeland Properties, Inc. in the sum of $20,000 and introduced into evidence as Defendant’s Exhibit number 1 with its limiting endorsement, did not constitute an accord and satisfaction of the written agreement dated December 12, 1984.
The court expressly finds as a finding of fact that the parties did not intend the $20,000 check to constitute a satisfaction of a disagreement with respect to the fact that Miller and his companies owed Perez $25,000.
As I have indicated, Perez was not on notice that Miller intended to renege on the letter agreement.
Second, at the time Perez received the check, no additional monies were due and owing because the McDonald’s sale had not taken place, and thus the obligation to pay the $5,000 had not matured.
Because of these facts, I find that the cashing of the check, which is defendant’s Exhibit number 1, did not constitute an accord and satisfaction of the letter contract dated December 12, 1984.
*1086 ... Accordingly, I find and conclude that the plaintiff Alfredo Perez is entitled to judgment against the three defendant corporations in the sum of $40,-000, plus court costs and plus prejudgment interest from the date of the McDonald’s closing, and the interest is to be calculated from the date of the McDonald’s closing.
The record supports the trial court’s finding of fact and conclusions of law. Therefore we affirm the final judgment in favor of Perez for $40,000 on the authority of Southern Bell Telephone and Telegraph Co. v. Acme Electrical Contractors, Inc., 418 So.2d 1187 (Fla. 4th DCA 1982) and Rudick v. Rudick, 408 So.2d 1091 (Fla. 3d DCA 1981). We also find support for our decision in Jobear, Inc. v. Dewind Machinery Co., 402 So.2d 1357 (Fla. 4th DCA 1981). In Jobear we held that a plaintiff’s acceptance of a check which expressly stated that its endorsement would constitute a full and complete release of the defendant did not act as an accord and satisfaction as to a separate and distinct claim for rents. The court said:
Appellant first contends that appellee’s acceptance of the check which expressly said that its endorsement would constitute a full and complete release of appellant acted as an accord and satisfaction as to all claims of appellee against appellant. It relies on McGehee v. Mata, 330 So.2d 248 (Fla. 3d DCA 1976); Pino v. Lopez, 361 So.2d 192 (Fla. 3d DCA), cert. dismissed 365 So.2d 714 (Fla.1978); and Yelen v. Cindy’s, Inc., 386 So.2d 1234 (Fla. 3d DCA), pet. for rev. dismissed 394 So.2d 1154 (Fla.1980).
The trial judge’s remarks to the attorneys following their arguments on this point show that he saw in their ease, as do we, a substantial difference factually from the cases cited above. In each of those cases it was perfectly clear what the debtor intended. In McGehee, supra, the check was sent with a cover letter, reciting that it was sent in accordance with the parties’ agreement and containing specific requirements. In Pino, supra, the check was issued in “Full and final payment for all goods, services and claims to date.” In Yelen, supra, a letter accompanied the check, reciting that the check was in “full satisfaction of the current controversy.”
Contrary to the cases relied upon by appellant, sub judice there were two separate and distinct claims — one for rent and the other for parts and labor. The claims were pled in separate counts; the check in question says nothing of the rental indebtedness; and the language of the restrictive endorsement sustains the interpretation that the release applied to the indebtedness for parts and labor. We therefore conclude that appellant’s argument fails.
Id. at 1358.
Herein, by the terms of the December 12, 1984 letter contract, which Perez accepted, appellants offered to pay Perez a set amount for each service rendered by him, payable when the transaction closed. The language used by appellants in their offer makes each amount offered a separate and distinct claim since the closing date for each differed. The record contains clear support for the trial court’s finding that the $5,000 amount was not due and owing at the time the appellants’ check was tendered to and cashed by Perez thus his cashing of the check could not constitute a subsequent accord and satisfaction of the December agreement.
We also affirm the trial court’s denial of Perez’s claim for attorney’s fees. Perez has misplaced his reliance on Gulfstar Yacht Sales, Inc. v. Bissell, 487 So.2d 31 (Fla. 4th DCA 1986). In Bissell, the employee was paid a salary plus commission. Here Perez performed his services as an independent contractor. See Caldwell-Davis Construction Co. v. Hoover, 461 So.2d 973 (Fla. 3d DCA 1984).
AFFIRMED.
GUNTHER, J., concurs.
WALDEN, J., concurs in part and dissents in part with opinion.