WALDEN, Judge,
concurring in part, dissenting in part.
I respectfully dissent as to the majority’s affirmance of the final judgment awarding *1087 Perez a real estate commission, but concur with the majority’s affirmance of the order denying Perez’s claim for attorney’s fees. In my opinion, there was a second binding accord and satisfaction between the parties as evidenced by the cashing of the check with the restrictive endorsement.
In the instant case, the trial court found, and the majority affirms, that the letter to Perez offering to pay $20,000 for the commission due on the purchase of the land and $5,000 for the sale of the restaurant site constituted an initial executory accord, which was not satisfied by the $20,000 check sent to Perez. I agree that the check sent to Perez did not constitute a satisfaction of the letter written to Perez. However, the check itself containing a limiting endorsement which stated: “Endorsee hereby acknowledges full payment for all services rendered and all commissions due,” constituted a new and independent accord and satisfaction.
I see no reason why this check, with its explicit restrictive language, does not constitute a second executory accord, which was satisfied when Perez cashed it.
If an offeror clearly attaches to his offer the condition that the offer, if taken at all must be received in satisfaction of the claim in dispute, and the other party received it, he takes that offer subject to the conditions attached to it, and the offer operates as an accord and satisfaction.
McGekee v. Mata, 330 So.2d 248, 249 (Fla. 3d DCA 1976). From the language on the check, Diversified made it clear that it offered $20,000, not $25,000 as first agreed upon, for all services rendered by Perez. This would include the commissions for both the purchase of the land and for the sale of the restaurant site. When Perez cashed this check, with the restrictive endorsement, there was a satisfaction of the accord, which discharged the obligations of the original contract between the parties. See McGehee; Pino v. Lopez, 361 So.2d 192 (Fla. 3d DCA 1978); Yelen v. Cindy’s Inc., 386 So.2d 1234 (Fla. 3d DCA 1980).
Accordingly, I would reverse the final judgment awarding Perez a real estate commission, and affirm the order denying Perez’s claim for attorney’s fees.