WENTWORTH, Judge.
Appellant Jacksonville Electric Authority (JEA) seeks review of an order determining that it may not recover accrued undercharges for water service to appellee Draper’s Egg and Poultry Company, Inc. (Draper’s). We find that the court properly denied recovery for undercharges which had accrued when the parties reached an accord and satisfaction, but JEA should have been allowed to recover for subsequent undercharges.
Draper’s uses a large amount of water in connection with its business. Some of this water is furnished by JEA, and some is obtained from another source. Several meters measure the amount of water furnished by JEA and the total water discharged into the public sewer system. Draper’s is billed by JEA for both of these services based on monthly readings of the meters by JEA employees.
Upon receiving one of its monthly water and sewer bills Draper’s questioned the amount charged. After an exchange of telephone calls and correspondence, and receiving another bill which it questioned, Draper’s offered to pay the outstanding balance upon an understanding that its accounts would then be paid in full. JEA advised Draper’s as to the amount due for payment in full through the February 19, *374 1985 meter readings. Draper’s then sent JEA a check containing a notation reflecting such payment in full. The check was for slightly less than the outstanding balance. Draper’s thereafter paid the remaining balance and JEA accepted Draper’s payments.
Shortly after the resolution of this dispute JEA determined that other billing errors may have occurred. JEA eventually ascertained that these errors resulted in a substantial undercharge dating back to 1983. Several months later Draper’s was formally advised of this newly discovered undercharge.
Draper’s filed a complaint for a declaratory judgment seeking to preclude JEA from collecting the asserted undercharge, and JEA filed a counterclaim. After an evidentiary hearing the court entered an order determining that as of February 19, 1985 the parties reached an accord and satisfaction precluding JEA from pursuing undercharges which had then accrued. The court’s order also determined that JEA’s failure to promptly advise Draper’s of the asserted billing errors thereafter discovered estops JEA from collecting for subsequent undercharges.
JEA argues on appeal that since it is a public utility neither the doctrines of estop-pel nor accord and satisfaction may apply to preclude its recovery for services rendered. In Corporation De Gestion Ste-Foy Inc. v. Florida Power & Light Co., 385 So.2d 124 (Fla. 3d DCA 1980), the court suggested that a public utility may collect undercharges from established rates even if they result from the utility’s own negligence or a contractual agreement for a lesser charge. In De Gestión the customer asserted that its payment of erroneous monthly bills effected an accord and satisfaction, and estopped the public utility from collecting for accrued undercharges. This contention was rejected in light of the public policy espoused by section 366.03, Florida Statutes, which provides that a public utility shall not give “any undue or unreasonable preference or advantage” to any person. However, De Gestión did not involve any identified dispute or negotiated settlement at the time of payment. We do not consider a public utility’s settlement of a disputed bill to be an undue preference or advantage, or to contravene public policy. We therefore decline to extend De Gestión to the circumstances of the present case.
By negotiating payment in full the parties effected an accord and satisfaction of the water and sewer charges as of February 19, 1985. See generally, McGehee v. Mata, 330 So.2d 248 (Fla. 3d DCA 1976); Pino v. Lopez, 361 So.2d 192 (Fla. 3d DCA 1978), cert. dismissed 365 So.2d 714 (Fla.1978). JEA therefore may not pursue undercharges which had accrued as of that date. But the circumstances of this case do not warrant an estoppel as to the collection of subsequent undercharges. De Gestión establishes that estoppel may not be predicated solely upon payment of the erroneous monthly bills in such circumstances. Draper’s suggested that it might have installed a water conservation system had it been accurately billed or more promptly advised as to the undercharges. But at the time of the final hearing, approximately a year and a half after Draper’s received formal notice of the undercharges, it still had not installed such a system. The evidence does not show any detrimental reliance by Draper’s, and absent such, proof the doctrine of estoppel does not apply even assuming availability of that defense against such an entity as JEA. See e.g., Taylor v. Kenco Chemical & Mfg. Corp., 465 So.2d 581 (Fla. 1st DCA 1985).
Insofar as it determines that JEA may not recover for undercharges accrued as of February 19, 1985, the order appealed is affirmed. As. to the further determination that JEA may not recover for subsequent undercharges, the order is reversed and the cause is remanded.
BOOTH, J., concurs.
ERVIN, J., concurs in part and dissents in part with written opinion.