566 So.2d 936 (1990)
George F. COX and Phyllis Cox, Appellants/Cross-Appellants,
v.
HAMMOND AND COMPANY, INC., a Florida Corporation, Appellee/Cross-Appellee.
Nos. 89-0236, 89-1390.
District Court of Appeal of Florida, Fourth District.
September 19, 1990.
Rehearing Denied October 15, 1990.
Patrick M. O'Hara of Patrick M. O'Hara, P.A., and Robert A. D'Angio, Jr. of Brackett, Cook, Sned, Welch, Hewitt, D'Angio & Tucker, P.A., West Palm Beach, for appellants/cross-appellants.
Barbara J. Compiani and Larry Klein of Klein & Walsh, P.A., West Palm Beach, for appellee/cross-appellee.
STONE, Judge.
The sellers under a deposit receipt contract appeal from a judgment entered in favor of their broker following a buyer's breach. The judgment was entered, in paragraph one, against the sellers individually, and, in paragraph two, for the broker's interest in the deposit against the holder of the deposit money.
We reverse that portion of the judgment entered personally against the sellers in the absence of any evidence of the buyer's ability, at the time the contract was signed, to close. See Sharp v. Long, 283 So.2d 567 (Fla. 4th DCA 1973). However, the broker is not prevented from recovering its interest in the deposit money *937 in accordance with the terms of the contract simply because the sellers have elected not to pursue a claim to their portion of the deposit.[1]
Therefore, we reverse the judgment in part and remand for modification in accordance with the provisions of paragraph two of the judgment.
Additionally, we reverse the award of fees to the broker under section 448.08, Florida Statutes. Miller v. Perez, 524 So.2d 1084 (Fla. 4th DCA 1988). We also reject the broker's claim to fees under section 57.105, Florida Statutes. Schumacher v. Wellman, 415 So.2d 120 (Fla. 4th DCA 1982).
HERSEY, C.J., and WALDEN, J., concur.
NOTES
[1] We note that the buyer was a party in the litigation but was dismissed out of this appeal.