PER CURIAM.
Although the terms of the parties’ oral contract were in dispute, the jury accepted that version of the contract put forward by appellees, where Craig Titus was entitled to a commission for parts sales that had been completed at the time of his termination, even if appellant’s books showed that Titus had a warehouse inventory of parts (“debits”) that exceeded Titus’s credits. The damages awarded were within the range presented by the evidence, taking into consideration the differences between plaintiffs’ and defendant’s spreadsheet exhibits.
We grant appellees’ motion for attorney’s fees contingent on either the trial court’s finding of their entitlement to fees under section 768.79, Florida Statutes (1997), or a finding that Titus was not an independent contractor, such that he would be entitled to fees under section 448.08, Florida Statutes (1997). See Cox v. Hammond & Co., Inc., 566 So.2d 936, 937 (Fla. *378 4th DCA 1990); Miller v. Perez, 524 So.2d 1084, 1086 (Fla. 4th DCA 1988).
AFFIRMED.
STONE, POLEN and GROSS, JJ., concur.