HAZOURI, J.
Joseph Baratta appeals from the trial court’s order granting Bradford Electric Inc.’s Motion for Enforcement of Settlement. The settlement arose from a personal injury negligence action brought by Baratta against Bradford and Eicon Electrical Contractors Corp. Eicon Electrical Contractors Corp. is not a party to this appeal. The settlement offer by Bradford Electric was made pursuant to section 768.79, Florida Statutes (2008), and Florida Rule of Civil Procedure 1.442 as a proposal for settlement. Baratta contends that because the proposal for settlement was not accepted within thirty days it should have been deemed rejected and unenforceable.[1] The trial court rejected Baratta’s contention and enforced the settlement. We affirm.
On May 3, 2007, Bradford filed a proposal for settlement with Baratta, which had attached to it a release of claims and a hold harmless agreement. The terms of the settlement provided that:
a. BRADFORD proposes to BARAT-TA to settle all claims ... for payment of the total amount of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00)....
b. BARATTA shall execute a full release of all claims against BRADFORD (attached hereto is a proposed Release of Claims).
[[Image here]]
d. BARATTA shall execute a Hold Harmless Agreement agreeing to defend and indemnify BRADFORD, its carriers and attorneys against all liens. (Attached hereto is a proposed Hold Harmless Agreement).
Pursuant to Florida Rule of Civil Procedure 1.442, this offer was to expire in thirty days (June 4, 2007). On June 8, 2007, Baratta’s counsel sent a letter to Bradford’s counsel, requesting an additional twenty days to respond to the proposed settlement. On June 15, 2007, because Baratta’s counsel had not heard from Bradford’s counsel regarding the proposed extension, he e-mailed Bradford’s counsel regarding its status. That same day, Bradford’s counsel responded by way of email, agreeing to the twenty day extension, and thereby giving Baratta “20 more days from the date the offer was originally to expire” to decide whether he wanted to accept it.
On June 20, 2007, Baratta’s counsel sent Bradford’s counsel a letter, which stated:
Thank you for the twenty (20) day extension of the Proposal for Settlement dated May 3, 2007 in the amount of Fifty Thousand Dollars ($50,000). We are requesting that this Settlement remain confidential. After conferring with my client, Mr. Baratta has elected to accept your client’s Proposal for Settlement in the amount of fifty thousand dollars ($50,000).
As further consideration for this acceptance, you have advised that your client Bradford Electric will be taking a position if called to testify, that Eicon was *696 the negligent party in this accident. You have agreed to make available the people from Bradford Electric who can testify as to that position.
In response, Bradford’s counsel sent Ba-ratta’s counsel a letter on June 26, 2007, which stated:
In short, I cannot agree with the supplemental terms suggested in your June 20, 2007 letter. I must insist on acceptance or rejection of the currently pending Proposal for Settlement which now has an expiration date of June 28, 2007.
On June 28, 2007 Baratta’s counsel sent Bradford’s counsel a letter stating the following:
Mr. Baratta has instructed us to accept your client’s Proposal for Settlement in the amount of Fifty Thousand ($50,-000.00) Dollars.
On July 26, 2007, Baratta went to his counsel’s office and signed the Release of Claims and the Hold Harmless Agreement as originally proposed by Bradford. Later that day, Baratta called his counsel and told him he was having second thoughts and wanted to think about it. On the same day, a check for $50,000 was issued to Baratta on behalf of Bradford by its insurance company, CNA. Baratta did not cash the check.
On September 7, 2007 Baratta’s counsel sent to Bradford’s counsel a letter stating that Baratta “has changed his mind about settling with Bradford and during our most recent Mediation with Eicon, allegations were made that new evidence allegedly shows that there w[ere] conversion[s] in other areas of the busway that Bradford installed.” Attached to the letter was the unexecuted check for $50,000, as well as a signed copy of the Release and Hold Harmless Agreement which had “void” written across the front. Bradford filed a motion to enforce settlement with the trial court, alleging that Baratta, by way of the June 28, 2007 letter, “accepted the Proposal for Settlement in the amount of Fifty Thousand Dollars ($50,000.00).” The trial court granted the motion.
Baratta argues that because the proposal for settlement was not initially accepted within thirty days, it was rejected and, therefore, is unenforceable. Baratta further contends that the granting of his request for an extension of time to accept the settlement offer, as well as the subsequent acceptance, are invalid. We disagree.
Bradford made its offer of settlement by referring to section 768.79 and rule 1.442. Although the plain meaning of the statute and the rule of procedure clearly contemplate strict compliance,[2] the statute and the rule implementing the statute apply only when there has been a rejection of a proposal for settlement and the case goes to trial resulting in a judgment. Depending upon which party is making the proposal for settlement, if the final judgment is either twenty-five percent less or twenty-five percent more than the proposal for settlement, only then are the sanctions of attorney’s fees and costs applicable. See § 768.79.
As noted in Wright v. Caruana, 640 So.2d 197 (Fla. 3d DCA 1994), neither section 768.79 nor rule 1.442 prevents an offeree from actually accepting an untimely offer and avoiding trial. Rather, it merely prevents the offer from later serving as a basis for an award of costs and attorney’s fees under the statute. Id. at 198-99; accord Hanzelik v. Grottoli & Hudon Inv. of Am., Inc., 687 So.2d 1363, 1366 (Fla. 4th DCA 1997). In the instant case, there were exchanges of offers and *697 counter offers and a final acceptance by Baratta. There is substantial, competent evidence to support the trial court’s determination that there was a meeting of the minds. An offer and acceptance took place and, therefore, the settlement should be enforced.

Affmned.

WARNER, J., and SHAHOOD, GEORGE A., Senior Judge, concur.

. Florida Rule of Civil Procedure 1.442(f)(1) provides "[a] proposal shall be deemed rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal.”

. See Lanb v. Matetzschk, 906 So.2d 1037 (Fla.2005).