WARNER, J.
 

 We affirm the final judgment rendered after a jury verdict in favor of the plaintiff in an automobile negligence case. Two of the issues raised by appellant were not preserved for appeal. As to the third, the trial court did not abuse its discretion in admitting evidence.
 

 Appellant failed to preserve its objection to the trial court’s denial of appellant’s use of a peremptory challenge against an African-American juror under the procedure required by
 
 Melbourne v. State,
 
 679 So.2d 759, 765 (Fla.1996). In order to preserve the issue of whether the trial court’s ruling on a peremptory challenge constitutes reversible error, the appellant must accept the juror, or panel, subject to its prior objection and/or renew the objection before the jury is sworn.
 
 See id,.; Joiner v. State,
 
 618 So.2d 174, 176 (Fla.1993);
 
 Glinton v. State,
 
 956 So.2d 497, 500 (Fla. 4th DCA 2007). Because the appellant accepted the jury without renewing its objection to the challenged juror, the issue was not preserved. We reject its contention that a challenge would have been futile. Without restating the objection to the trial court, the court cannot know that the party still maintains the previously voiced objection. The objection was also not so close to the end of jury selection such that it could be considered preserved without renewing the objection, as in
 
 Gootee v. Clevinger,
 
 778 So.2d 1005, 1009 (Fla. 5th DCA 2000).
 

 Appellant’s claim that the court erred in denying its motion in limine to prevent the mention of surveillance evidence was also not properly preserved. Section 90.104(1), Florida Statutes, provides: “If the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for
 
 *1272
 
 appeal.”
 
 See also Tillman v. State,
 
 964 So.2d 785, 787-88 (Fla. 4th DCA 2007) (holding that the trial court’s granting the state’s pre-trial motion in limine constituted “a definitive ruling on the record admitting evidence, meaning that Tillman need not have renewed his objection to preserve his claim of error for appeal”). In this case, the court never issued a definitive ruling on the motion, noting twice that it had deferred its ruling. It was thus incumbent on appellant to object when the appellees sought to introduce the evidence, which it did not do. Therefore, appellant failed to preserve the issue for appeal.
 

 As to the admission of post-crash vehicle photographs, the trial court did not abuse its discretion.
 

 Affirmed.
 

 POLEN and TAYLOR, JJ., concur.