CONNER, J.
Cirrus Design Corporation (“Cirrus”) appeals an order denying its motion to enforce a settlement agreement. Cirrus contends the settlement agreement substituted contract remedies for tort remedies. The appellees contend Cirrus did not timely perform on the settlement agreement; therefore, they were entitled to pursue their tort remedies. Because the matter to be decided on appeal is the interpretation of a contract, our review is de novo. Klinow v. Island Court at Boca W. Prop. Owners' Ass’n, 64 So.3d 177, 180 (Fla. 4th DCA 2011). Having reviewed the language of the settlement agreement and the undisputed facts concerning the actions taken by the parties after the acceptance of the proposed settlement agreement, we determine the trial court erred in denying the motion to enforce the settlement agreement.

Factual Background and Trial Court Proceedings

As a result of two passengers dying and a third being injured in a private aircraft crash, Cirrus was sued in two separate wrongful death actions and one personal injury action. All three plaintiffs had the same attorney. The three cases were consolidated for discovery purposes only. During the litigation, Cirrus served each plaintiff with separate offers of judgment for $50,000 each, pursuant to section 768.69, Florida Statutes (2008). All three offers of judgment were worded the same. Pertinent to this appeal, the offers stated:
2. To accept this offer of judgment, [plaintiff] must deliver a written acceptance within thirty (30) days of service of this offer of judgment. For the avoidance of doubt, it is a condition of this offer of judgment that [plaintiff] accepts the terms herein.
[[Image here]]
4. The total amount to be paid under the terms of this offer of judgment/proposal for settlement is Fifty Thousand Dollars ($50,000.00) (“Settlement Funds”).
5. The Settlement Funds shall be paid to the trust account of Leopold-Kuvin, P.A. within twenty (20) days of delivery to Cirrus of a duly executed acceptance of this offer of judgment.
6. If accepted, this offer of judgment constitutes satisfaction of all claims that *310 [plaintiff] has asserted or that [plaintiff] could assert against Cirrus and its respective agents, officers, directors, shareholders, partners, joint venturers, employees, former employees, representatives, parents, predecessors, successors, affiliates, subsidiaries, assigns, and designees arising in, out of, in connection with, or related to the above-captioned suit, including, but not limited to, all claims for compensatory, statutory, and punitive damages, equitable relief, interest, and attorneys’ fees, whether or not [plaintiff] has asserted such claims against Cirrus or a related party in the above-captioned suit.
7. Within ten (10) days of receipt of the Settlement Funds, [plaintiff] shall take all actions necessary to cause its claims against Cirrus to be dismissed with prejudice.
Within thirty days after service of the offers of judgment, each plaintiff filed and served a written notice of acceptance.[1] The last of the three offers was accepted on September 11, 2009.
Settlement payment was not made within twenty days. On October 9, 2009, Cirrus asked plaintiffs’ counsel for information on how to make out the check and the law firm’s tax identification number. After a month of discussion, plaintiffs’ counsel provided the information. Cirrus then asked the plaintiffs to sign releases and notices of dismissal. The parties negotiated the wording of the releases. Eventually, the plaintiffs objected to signing any further releases, contending the terms of the offer of judgment were sufficient to release any further claims. Cirrus ultimately tendered payment on March 2, 2010. The plaintiffs refused the checks on grounds that payment was not made within twenty days of acceptance. Cirrus moved to enforce the settlements. The trial court denied the motion, holding that the offers of judgment must be strictly construed under case law and the failure to make payment within twenty days precluded enforcement of the settlement agreements.

Legal Analysis

We first address two preliminary matters. The plaintiffs argue that the order denying the motion to enforce the settlement agreement is a nonappealable, non-final order. In a footnote on page 2 of the answer brief, counsel asserts that the only order on appeal is the trial court’s denial of the motion to enforce settlement filed in lower trial case number 502008CA008737MBAB; thus, if we have jurisdiction, it is over only one plaintiff. We disagree with both contentions without discussion.[2],[3]
The overriding issue on appeal is whether the acceptance, not the performance, of the offers of judgment constituted an accord and satisfaction of tort claims. Cirrus asserts that after the offers were accepted in writing the only remedies available to the plaintiffs for failure to *311 timely pay the settlement were remedies available under contract law.[4]
“An accord and satisfaction results when: (1) the parties mutually intend to effect a settlement of an existing dispute by entering into a superseding agreement; and (2) there is actual performance in accordance with the new agreement. Compliance with the new agreement discharges the prior obligations.” Martinez v. S. Bayshore Tower; L.L.L.P., 979 So.2d 1023, 1024 (Fla. 3d DCA 2008).
As argued by Cirrus, the “superseding agreement” can either “take the form of either an executory accord which requires actual performance before the original obligation of the parties is satisfied or a substituted agreement which results in immediate discharge of the original claim.” Rudick v. Rudick, 403 So.2d 1091, 1094 (Fla. 3d DCA 1981); see also Restatement (Second) of Contracts §§ 279, 281. In other words, the superseding agreement can either require future performance to constitute a satisfaction or can be taken itself as a satisfaction.
Cirrus advances two arguments to support its position that acceptance of the offer of judgment constituted both an accord and an immediate satisfaction: (1) the offer itself stated acceptance constituted satisfaction and (2) a presumption exists that settlement of an unliquidated claim constitutes an immediate satisfaction. We agree with Cirrus’s arguments. As to the first argument, paragraph 6 of each offer unambiguously states that acceptance constitutes a satisfaction:
6. If accepted, this offer of judgment constitutes satisfaction of all claims that the [Estate or Guardian] has asserted, or that the [Estate or Guardian] could assert, against Cirrus and its respective agents, ... arising in, out of, in connection with, or related to the above captioned suit ....
(emphasis added). The written acceptance of each offer did not impose a counteroffer that stated timely payment was of the essence or that satisfaction would occur after the settlement money was tendered. We also note that the offer of judgment makes payment of the settlement amount a condition precedent only to the plaintiffs dismissing the lawsuits, not to the plaintiffs releasing their claims.
Turning to the second argument, there can be no dispute that the offers of judgment were intended to settle an unliqui-dated claim for a liquidated amount. Therefore, the presumption of an immediate satisfaction of the tort claim applies. “If the claim is disputed or unliquidated, the presumption should be that there is a substituted agreement rather than an ex-ecutory contract of accord; if the obligations are liquidated, it will generally be presumed that the creditor did not intend to surrender his prior rights unless and until the new agreement is actually performed.” Rudick, 403 So.2d at 1094 (citing J. Calamari and J. Perillo, Contracts, § 21-6 (1977)).
If an offer makes clear that acceptance constitutes full satisfaction of a tort dispute, then the contract becomes an accord and immediate satisfaction. McGehee v. Mata, 330 So.2d 248 (Fla. 3d DCA 1976). In McGehee, the parties entered into a settlement agreement in which the defendant agreed to pay a specific lump sum in exchange for the plaintiffs agreement to perform three tasks to complete the agreement. The defendant tendered payment; *312 the plaintiff cashed the check and performed two of the tasks, but refused to perform the third task. The Third District held, “If an offeror clearly attaches to his offer the condition that the offer, if taken at all[,] must be received in satisfaction of the claim in dispute, and the other party received it, he takes that offer subject to the conditions attached to it, and the offer operates as an accord and satisfaction.” Id. at 249.
If a party accepts an offer for a superseding agreement, which clearly intends an accord and immediate satisfaction, he or she is bound to each of the attached conditions of the new agreement and abandons the rights previously held. Martinez v. S. Bayshore Tower, L.L.L.P., 979 So.2d 1023, 1024 (Fla. 3d DCA 2008). When a superseding agreement constitutes a satisfaction, a breach of the new agreement must be enforced by an action on that agreement based upon contract law. George Vining & Sons, Inc. v. Jones, 498 So.2d 695 (Fla. 5th DCA 1986). “Settlement agreements are governed by the same legal principles applied to other contracts.” Woodfield Plaza v. Stiles Constr. Co., 687 So.2d 856, 857 (Fla. 4th DCA 1997). In this case, the trial court did not apply the law of contracts in denying the motion to enforce. Instead, it applied the principle requiring strict compliance with the offer of judgment statute. However, the offer of judgment statute and rule apply only when there has been a rejection of the offer. Baratta v. Bradford Elec., Inc., 9 So.3d 694, 696 (Fla. 4th DCA 2009).
Because we determined the trial court erred in not applying the law of contracts, we do not address the remaining issues raised by Cirrus on appeal. See USAA Cas. Ins. Co. v. Allen, 17 So.3d 1270, 1272 (Fla. 4th DCA 2009).

Reversed and remanded.

GILLESPIE, KENNETH L., Associate Judge, concurs.
POLEN, J., dissents with opinion.

. The acceptance was unconditional and did not contain any counteroffers.

. Because a written settlement agreement was entered into in each case, this case is governed by Croteau v. Operator Service Company of South Florida, 721 So.2d 386 (Fla. 4th DCA 1998), rather than Delmas v. Harris, 806 So.2d 578 (Fla. 4th DCA 2002).

.Appellate counsel filed a notice of appearance in this Court on behalf of all three plaintiffs; thus, we have jurisdiction over all three plaintiffs. See Deno v. Smith, 101 Fla. 902, 132 So. 462, 464 (1931) (although two defendants who were necessary parties were omitted from the appeal, the court had personal jurisdiction over the omitted parties when they voluntarily appeared and submitted themselves to the jurisdiction of the court).

. Although Cirrus does not make the argument, the logical extension of Cirrus's position is that rescission of the settlement contract is a possible remedy the plaintiffs may pursue.