DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*January Term 2014*

**MARCIA PRISCILLA RODRIGUES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D11-2287

[July 2, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard Oftedal, Judge; L.T. Case No. 08CF013334AMB.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges her conviction for first degree murder on two grounds. First, she claims that the court erred in admitting prejudicial evidence about her social life and dating history, as well as her son's opinions as to her mental state. She argues expert witnesses were improperly used as "conduits" for this inadmissible evidence. Second, she objects that the court refused to allow juror interviews or a re-polling of the jury after a juror expressed concern that the jury did not understand the jury instructions. Neither issue has merit.

As to the first issue, the appellant presented an insanity defense, and both the state and defense presented experts on the issue. Both sides' experts discussed whether appellant's son believed she was, essentially, faking insanity. In a deposition given by the son and reviewed by the experts, the son wavered as to whether he believed his mother's mental illness was genuine. Much of the testimony by the experts to which appellant objects on appeal was not preserved by a contemporaneous objection at trial. Although the parties discussed the inadmissibility of the

son's opinion of his mother's mental state, the court did not make a definitive ruling on the issue. The court commented that it seemed that if it were the son's opinion, it would not be admissible, but it made no definitive ruling. "If the court has made a *definitive* ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." § 90.104(1)(b), Fla. Stat. (2007) (emphasis added). Here, during the proffer, appellant failed to obtain such ruling on this issue. *See USAA Cas. Ins. Co. v. Allen*, 17 So. 3d 1270, 1272 (Fla. 4th DCA 2009). The trial court did not rule on the specific comments elicited, and appellant failed to object to them. Thus, her failure to contemporaneously object to this testimony by the state's expert means the issue is not preserved for appeal.

The first time this issue was raised was by the *state*. Before trial the prosecutor volunteered that she would not elicit the son's opinion as to appellant's mental state when the son testified at trial. The court commented, "[I]t seems to me if it's [the son's] opinion . . . I mean, clearly that would be inadmissible."

Later, when the state proffered certain testimony by its expert, appellant argued that the son's opinion as to whether the crime was premeditated, as opposed to the result of mental illness, was inadmissible. When the court noted it was "sensitive" to this concern, the state agreed not to elicit such testimony. This is not a definitive ruling by the court. When the state's expert did nevertheless testify that appellant's son questioned the validity of her symptoms, appellant did not object.

Testimony about the son's opinion was also elicited from appellant's expert during cross-examination by the state. During a proffer of the cross-examination, appellant objected that the son's opinion as to his mother's mental illness was inadmissible and that the cross-examination was being used as a conduit to introduce this otherwise inadmissible evidence. The court ruled the son's opinion as to the validity of his mother's mental illness was not admissible, but allowed the state to ask appellant's expert about specific statements appellant made to her son, which tended to show the killing was premeditated.

Subsequently, on cross-examination before the jury, appellant's expert began to discuss the son's opinion. Appellant at one point objected, without stating a specific basis. During sidebar, the state and court commented that appellant's expert was volunteering the son's opinion, even though the state was not directly eliciting it. Appellant appeared to agree, commenting that "everything is intertwined" and that the doctor was attempting to give context to appellant's statements. Appellant thereafter

2

did not object as her expert continued to discuss the son's opinion through the remainder of cross-examination. Again, we cannot conclude that the trial court made a definitive ruling excluding the comments.

Even if appellant had sufficiently preserved this issue, we find no reversible error in the admission of this testimony. Although an expert should not be used as a conduit for inadmissible evidence, this prohibition is inapplicable when otherwise inadmissible evidence of the facts and data supporting the expert's opinion is brought out in cross-examination. *Hayes v. Wal-Mart Stores, Inc.*, 933 So. 2d 124, 127 (Fla. 4th DCA 2006); *see also* § 90.705(1), Fla. Stat. (2007) ("On cross-examination the expert shall be required to specify the facts or data" on which he or she relied.). Moreover, there may have been strategic reasons for the lack of objection. Appellant's expert testified at length regarding the son's deposition and used it to elucidate his own opinion regarding appellant's sanity. Overall, we cannot say the trial court abused its discretion in admitting this testimony.

With respect to the state's expert's testimony about appellant's social life and dating history, appellant opened the door to this evidence on cross-examination. Appellant also failed to object to the state eliciting testimony on this topic from appellant's expert on cross-examination. Even if this issue was preserved, the trial court did not abuse its discretion in allowing such testimony, because it is appropriate to inquire into the factual basis of an expert's opinion on cross-examination. *See Hayes*, 933 So. 2d at 127.

On the second issue, the jury was polled at appellant's request prior to the recording of the verdict. After their discharge, and based upon a voluntary conversation with some of the jurors, appellant filed a motion to re-poll the jury. The court properly denied the request. *See* Fla. R. Crim. P. 3.450 ("[N]o motion to poll the jury shall be entertained after the jury is discharged or the verdict recorded."); *Simpson v. State*, 3 So. 3d 1135, 1142-43 (Fla. 2009). Further, the trial court did not err in denying a motion to interview the jurors, because the matters upon which an interview was sought, namely the jurors' understanding of the jury instructions and verdict form, inhered in the jury verdict. *See Johnson v. State*, 593 So. 2d 206, 210 (Fla. 1992) (questions about "the jury's understanding of the court's instructions" were improper because they concerned matters inhering in the verdict); *see also Simpson*, 3 So. 3d at 1144 (claim that jurors misunderstood jury instructions is clearly a matter that inheres in jury verdict).

The conviction and sentence are affirmed.

DAMOORGIAN, C.J., and KLINGENSMITH, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***