## SOUTHEAST BANK, N.A. v DIAZ, et al.

### Case No. 88-31392 CA 25

Eleventh Judicial Circuit, Dade County

October 25, 1990

#### APPEARANCES OF COUNSEL

Brenner & Dienstag, for plaintiff, Southeast Bank, N.A.

**Jon K. Stage, Esquire,** Holland & Knight, for Federal Deposit Insurance Corporation (FDIC).

**Saul Cimbler, Esquire,** for defendants, Ramon Diaz and Gloria Diaz.

#### OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

*ORDER GRANTING FDIC'S MOTION FOR SUMMARY JUDGMENT AND COMMANDING THE DISBURSEMENT OF FUNDS FROM THE COURT REGISTRY TO FDIC AND ORDER DENYING THE DIAZ' MOTION FOR PARTIAL SUMMARY JUDGMENT*

THIS MATTER came before the court on two motions: co-defen-

dant, the Federal Deposit Insurance Corporation's ("FDIC") motion for summary judgment and co-defendants Ramon and Gloria Diaz' motion for partial summary judgment.

The FDIC's motion seeks the disbursement of funds currently held in the court registry. Those funds constitute the remaining proceeds from the judicial sale of certain real property pursuant to this court's final judgment dated April 7, 1989. As a mortgagee of the property sold, the FDIC claims an entitlement to those proceeds.

The Diaz' motion for partial summary judgment seeks an order requiring the FDIC to release a security interest in personalty owned by Intercontinental Security Systems, Inc. ("ISS"). ISS is not a party to this action.

In consideration of the motions the court has reviewed all matters of record. Based upon that review, the court now addresses the undisputed facts and relevant points of law, examining first, the FDIC's motion for the disbursement of the remaining judicial sale proceeds.

## A. FDIC's Motion for the Disbursement of Proceeds of Judicial Sale

Plaintiff Southeast Bank, N.A. ("Southeast") initiated this action on July 25, 1988 when it filed its complaint for foreclosure on certain real property situated in Dade County, Florida. That complaint was subsequently amended to name the FDIC as a party defendant by virtue of its second mortgage on the real property being foreclosed.

The defendants Ramon and Gloria Diaz—the owners of the property—were served by Southeastern but failed to file a response. In November, 1988, a default was entered against them.

The FDIC timely answered Southeast's complaint and in that answer sought disbursement of any proceeds which might remain after a foreclosure sale and the satisfaction of Southeast's first mortgage from the sale proceeds. The FDIC's request for the excess proceeds was based upon its valid and duly recorded second mortgage. No other party claimed a right to the excess proceeds of the "property-to-be-foreclosed."

On April 7, 1989 this court entered a final summary judgment of foreclosure in favor of Southeast. Subsequently, and pursuant to that judgment, the property that was the subject of Southeast's foreclosure complaint was sold at a judicial sale. The proceeds of that sale were applied to satisfy the amounts due Southeast under its April 7th final judgment. There remained, however, a surplus of more than eight thousand five hundred dollars ($8,500.00). That surplus was deposited in the court registry.

184

The FDIC's second mortgage attached to the remaining surplus as a lien. *Waybright v Turner,* 176 So. 424 (Fla. 1937); *United States v Century Fed. Sav. & L. Ass'n.,* 418 So.1d 1195 (Fla. 1st DCA 1982). As a matter of law the FDIC is entitled to those proceeds. Indeed, the Diaz' affidavit in opposition to the FDIC's motion for summary judgment does not contest the FDIC's right to the remaining funds. Therefore, there exists no triable issue of fact respecting the disbursement of those funds.

### B. The Diaz' Motion

Having addressed the FDIC's entitlement to the excess proceeds of the judicial sale, the court now turns to the Diaz' motion for partial summary judgment. As set forth at the outset of this order, the Diazes seek a summary decree that would command the FDIC to release a security interest in personalty owned by a non-party—ISS.

First, the Diazes do not have standing to pursue a claim by ISS against the FDIC. Moreover, the request for affirmative relief the Diazes seek by way of their motion was not invoked by way of an initial pleading—a cross-claim under these circumstances. Therefore, this court is without the subject matter jurisdiction to provide the relief requested in the Diaz' motion. *Cf. Wallace v Townsell,* 471 So.2d 662, 665 (Fla. 5th DCA 1985).

Finally, the Diazes have not filed any affidavits in support of their motion for partial summary judgment and have not cited any legal authority to the court in support thereof. Therefore, even if the Diazes had standing to pursue ISS' claim and even if the court had the subject matter jurisdiction to consider it there is no basis in the record for the requested relief.

Accordingly, based upon the foregoing, it is

ORDERED AND ADJUDGED that:

1. Defendant FDIC's motion for summary judgment seeking disbursement of proceeds currently held in the court registry in the above-captioned matter is GRANTED.

2. The Clerk of the Court is hereby directed to disburse all sums in the court registry related to the above-captioned matter to the FDIC.

3. Defendants Ramon and Gloria Diaz' motion for partial summary judgment is DENIED.

4. The court retains jurisdiction in this cause to determine the deficiency to which the FDIC may be entitled against the Diazes.

DONE AND ORDERED in Chambers in Miami, Dade County, Florida, this 25th day of October, 1990.