410 So.2d 973 (1982)
ST. CLOUD UTILITIES, Appellant,
v.
Erick S. MOORE, a Minor, Etc., et al, Appellees.
No. 81-513.
District Court of Appeal of Florida, Fifth District.
March 10, 1982.
H.R. Thornton, Jr., St. Cloud; Lefferts L. Mabie, Jr., and Louis K. Rosenbloum of Levin, Warfield, Middlebrooks, Mabie & Magie, P.A., Pensacola, for appellant.
No appearance for appellee Moore.
Robert W. Kieffer of Sanders, McEwan, Mims & McDonald, Orlando, for appellee Arthur Cassell d/b/a Cassel's Garage.
ORFINGER, Judge.
The issue presented by this appeal is how long the trial court continues to have jurisdiction to entertain a motion for contribution under section 768.31(4) of Florida Statutes (1979), the Uniform Contribution Among Tortfeasors Act, after the final judgment determining liability is rendered.
Appellant and appellee were among defendants held liable for damages in a corrected final judgment entered October 13, 1978. On October 5, 1979, appellant paid the entire final judgment and on April 4, 1980, appellant filed a motion in the original action seeking contribution from appellee. The order appealed from struck the motion for contribution on the ground that the court lacked jurisdiction to entertain it. We affirm.
The trial court relied on Johns-Manville Sales Corporation v. The Zack Company, 374 So.2d 1150 (Fla. 3d DCA 1979), which simply held that contribution under the statute must be sought either by a motion filed in the original action within thirty days of the rendition of the judgment for the plaintiff, or by a separate action commenced within one year of the rendition of the final judgment for plaintiff, if the moving *974 party has not appealed.[1] While the statute prescribes a time limitation within which to file a separate action where a judgment has been entered against the tort feasor seeking contribution,[2] no time is specified within which a motion for contribution may be filed. Section 768.31(4)(b) states:
When a judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced in that action by judgment in favor of one against other judgment defendants, by motion upon notice to all parties to the action. (emphasis added).
The Zack court in holding that such motion must be filed in the original action within thirty days of the rendition of the final judgment, undoubtedly considered that trial court jurisdiction continued during that 30-day period. Whether we agree with that statement or believe that the jurisdiction of the trial court ends at an earlier date is not essential to our decision,[3] because the motion was filed long after the thirty-day period had expired, but we do agree that the trial court must have jurisdiction or it cannot consider the motion for contribution. Here, the motion was filed more than one year after the judgment became final, and under any view, the trial court jurisdiction had ended.
Since the trial court had lost jurisdiction of the action, there was no error in striking the motion. The order appealed from is
AFFIRMED.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] No facts are stated in Zack, so we cannot determine which of the two alternative procedures were involved there. Sub judice, since contribution was sought by motion filed in the original action, we do not discuss any issue which might be raised with regard to the filing of a separate action for contribution, and specifically, when the right to file such action terminates.
[2] § 768.31(4)(c), Fla. Stat. (1979):

If there is a judgment for the injury or wrongful death against the tortfeasor seeking contribution, any separate action by him to enforce contribution must be commenced within one year after the judgment has become final by lapse of time for appeal or after appellate review.
[3] The Zack court may have extended the jurisdiction of the trial court for thirty days following rendition of the final judgment because of the language in section 768.31(4)(c) which permits the filing of a separate action for contribution within one year after the judgment has become final by lapse of time for appeal or after appellate review. No similar language is contained in section 768.31(4)(b). Additionally, the Supreme Court has already dispelled the notion that the time within which an appeal may be taken from a final judgment has anything to do with continued jurisdiction of the trial court. Shelby Mutual Insurance Company of Shelby, Ohio, v. Pearson, 236 So.2d 1 (Fla. 1970). The trial court loses jurisdiction, except to enforce the judgment and except as provided by Florida Rule of Civil Procedure 1.540, when the time for filing a motion for rehearing or new trial has expired, or if such motion has been timely filed, when it is ruled upon. Shelby; The Kippy Corp. v. Colburn, 177 So.2d 193 (Fla. 1965).