458 So.2d 796 (1984)
Jeffrey SMITH and First Impression Industries, Inc., Appellants,
v.
DANIEL MONES, P.A., Appellee.
No. 84-1324.
District Court of Appeal of Florida, Third District.
October 16, 1984.
Rehearing Denied December 3, 1984.
*797 Robert J. Levine, Miami, for appellants.
Horton, Perse & Ginsberg and Mallory Horton, Miami, for appellee.
Before HENDRY, HUBBART and BASKIN, JJ.
PER CURIAM.
By this interlocutory appeal, we are asked to review the propriety of a non-final order denying a motion to return certain settlement monies to the appellants. We have jurisdiction to entertain this appeal. Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a)(3)(C)(ii).
This is an action filed by an attorney, Daniel Mones, P.A., to collect on certain legal fees allegedly due and owing against his former clients, Jeffrey Smith and First Impression Industries, Inc. Prior to filing this lawsuit, the attorney settled a mechanic's lien action brought on behalf of his clients for $22,000 and placed these funds in a trust account. Although the amount of legal fees owed was contested by his clients, the attorney thereafter disbursed all of these funds to himself, claiming a charging lien on part of the fund as his fee in the mechanic's lien action and a retaining lien on the balance of the fund for past legal services rendered in unrelated cases on behalf of the same clients. The clients, in turn, filed a motion in the action below for the return of the entire $22,000, which motion the trial court heard and denied. We reverse.
Assuming without deciding that all the legal fees claimed by the attorney are now due and owing, the attorney is nonetheless not entitled to a charging lien on these funds because no notice of such lien was ever filed, nor was the matter ever pursued in the mechanic's lien action below. Such notice is a necessary pre-condition to perfecting an attorney's charging lien where, as here, the client disputes the fee owed to the attorney in that action; moreover, the court in the mechanic's lien action would have to determine the attorney's entitlement to the charging lien, rather than the attorney himself as urged herein. Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom, 428 So.2d 1383, 1385 (Fla. 1983); see Winn v. City of Cocoa, 75 So.2d 909, 912 (Fla. 1954); Conroy v. Conroy, 370 So.2d 1188, 1189 (Fla.2d DCA 1979), cert. denied, 381 So.2d 765 (Fla. 1980). Finally, a retaining lien could not be imposed on any part of the $22,000 trust fund because set-offs for past legal services rendered in unrelated cases, as here, cannot be imposed on an attorney's trust account. The Florida Bar v. Bratton, 413 So.2d 754 (Fla. 1982); Fla.Bar Integr.Rule, Art. XI, Rule 11.02(4).
The order under review is therefore reversed and the cause is remanded to the trial court with directions to transfer the $22,000 in question to the clients herein. This decision, however, shall be without prejudice to the attorney's legal action below against the clients herein for fees allegedly due and owing in the mechanic's lien action and for past legal services rendered in unrelated cases. We only conclude that under the facts of this case the attorney has no charging or retaining lien on the trust funds in this case.
Reversed and remanded.