471 So.2d 662 (1985)
Margaret WALLACE, Appellant,
v.
George TOWNSELL, Appellee.
No. 83-1785.
District Court of Appeal of Florida, Fifth District.
June 27, 1985.
*663 Barry R. Nager, Orlando, for appellant.
Norman D. Zimmerman, Pompano Beach, for appellee.
COWART, Judge.
A grantor (Townsell) filed an action to cancel a deed. The grantee (Wallace) alleged she had made improvements to the land in question. By final judgment dated May 25, 1973, the court cancelled the deed and held the grantee was entitled to recover the value of her improvements. Rather than determining the value of the improvements the court deferred that matter until the grantee could satisfy the grantor's counsel or the court at a subsequent hearing.[1] In August, 1975, the parties entered *664 into an agreement "as a resolution of the remaining issues in this case." The parties submitted the agreement to the court which on August 25, 1975, entered judgment "in accordance with" the settlement agreement and ordered the parties to abide by its terms and conditions. Under the agreement if the grantee cleared the title to a certain part of the property and conveyed it to the grantor within ninety days the grantor would convey all of the remainder of the property to the grantee. If the grantee did not perform within ninety days the grantor agreed to pay the grantee $3,500 which the grantee agreed to accept in termination of all of the grantee's rights in the pending controversy.
In January, 1977, the grantor filed a motion alleging that the grantee had not performed and requesting the court to order compliance with the order of August 25, 1975. By order dated January 31, 1977, the court ordered compliance with the order of August 25, 1975, and also issued an order for the grantee to show cause why she should not be held in contempt. On March 30, 1978, the court extended until April 25, 1978, the time for the grantee to comply with the order of August 25, 1975. By order dated April 25, 1978, the court again extended until May 9, 1978, the time for the grantee to comply with the order of March 30, 1978. In July, 1980, the grantee moved, and on October 14, 1980, the court ordered, the grantor to show cause why he should not be held in contempt for failure to deliver a deed pursuant to the order of August 25, 1975.
In June, 1982, the grantee moved the court to compel the grantor to give her a deed. The grantor offered to pay the grantee $3,500. Obviously the parties were in a dispute as to who had first breached the settlement agreement. By order dated October 24, 1983, the trial court held that the orders of August 25, 1975, and March 30, 1978, were void because the court lacked jurisdiction to enter them and the court further adjudicated that the grantee was entitled to an accounting to determine the sums due her under the final judgment of May 25, 1973. The grantee appeals.
While denoted a "final judgment," the order of May 25, 1973, was not a true final judgment in that it left unresolved for future judicial labor the issue of the value of the improvements made by the grantee.
The parties to a civil action have the right to settle the controversy between them by agreement at any time and an agreement settling all issues in the case is binding not only upon the parties but also upon the court.
The parties accepted the covenants contained in their settlement agreement in lieu of a judicial resolution of the one remaining issue in litigation. This they had the right to do. While the parties could have viewed their settlement agreement as an accord and satisfaction and full resolution of the pending cause and relied on it as the basis for voluntarily dismissing the cause, it was not improper to submit it to the court for entry of a judgment. However, the court had no authority to summarily enforce its specific performance. As to support obligations in domestic relations cases the court has the authority under the issues framed by the pleadings to order support and to enforce its order by contempt proceedings in the same action. In such cases it is common for the parties to stipulate to the details of the relief sought (the amount and frequency of periodic payments) and for the court to adopt the settlement agreement in lieu of an independent judicial determination of those matters; to merely order the parties to perform their agreement and to summarily enforce its order in the same action. This practice is based upon the court's peculiar jurisdiction in equity cases, and particularly in domestic relations cases as to support issues, to enforce its lawful orders by civil contempt. That authority does not obtain as to the enforcement of ordinary legal *665 rights such as contractual rights under the settlement agreement in this case. The settlement agreement itself established the parties' legal rights under it. The order approving it has more value as proof of the agreement than it has legal efficacy. The judgment based on the parties' settlement agreement did not vest the court with jurisdiction to permit the court to modify the terms of the parties' agreement as was attempted to be done by the orders of March 30, 1978, and April 25, 1978, which purported to extend the time provided in the settlement agreement for the grantee's performance. The order of August 25, 1975, was not improper in recognizing the settlement agreement as resolving the pending controversy but it was not proper to the extent that it purported to summarily order the parties to perform their voluntary agreement. The orders attempting to enforce the settlement agreement by contempt proceedings were also improper. The appealed order of October 24, 1983, is correct in the determination that the order of March 30, 1978, was void (as was the order of April 25, 1978), but the appealed order is in error in holding void the order of August 25, 1975, and in disregarding the settlement agreement and in holding that the original issue reserved in the "final judgment" of May 25, 1973, was still viable. That issue had been resolved by the settlement agreement.
The pleadings in this case invoked the trial court's equity subject matter jurisdiction to cancel a deed. While the circuit court also has subject matter jurisdiction to adjudicate damages for breach of contract or, in a proper case, for specific performance of a contract, such subject matter jurisdiction to enforce the settlement agreement was not properly invoked by the pleadings in this case. If the settlement agreement was breached that matter should have been the subject of a separate action in which one of the parties pleaded a cause of action based on the settlement agreement and the other pleaded any legal defense to the asserted cause of action.
The appealed order is reversed and the cause remanded with directions to dismiss this cause without prejudice to either party seeking, in a separate action, to assert and enforce any cause of action based on the settlement agreement and also without prejudice to either party asserting any defense to any such cause of action.
REVERSED AND REMANDED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] The trial court should have proceeded to determine the amount of the grantee's entitlement and have conditioned the equitable relief sought by the grantor on his first paying the grantee sums due her. If the grantor had been required to do equity before the court actually cancelled the deed this litigation would have ended in 1973 and not 1985.