DAUKSCH, Judge.
This is an appeal from a circuit court judgment based upon a complaint seeking damages in the amount of $300.00. Appel-lees, who were the defendants,' somehow convinced the county court judge to transfer the case to the circuit court because they maintain that their defense was based upon the provisions of a particular stipulation and final judgment involving these parties, which stipulation and judgment were in the circuit court in another case.
The county court has exclusive jurisdiction over all cases where damages sought are less than $5,000.00. § 34.01, Fla.Stat. This case is for $300.00. The fact that it was maybe necessary for the county judge to interpret a stipulation and circuit court judgment to help in deciding the liability or damages question does not mean the case should have been transferred to the circuit court. Trial judges are often required to interpret other court judgments in order to make a proper judgment, just as they are required to interpret stipulations, contracts, statutes, appellate decisions and constitutions.
Because the decision of the circuit court was made without jurisdictional authority it is void. This court also lacks jurisdiction by virtue of this decision and the cause is returned to the county court where it shall remain until trial and a judgment is rendered. Because this jurisdictional defect was raised sua sponte and because we have determined we lack jurisdiction now we deny appellants’ motion for attorney’s fees under section 57.105, Florida Statutes, *278 without prejudice to appellants to make the request in county court. It is noted that appellants were not represented by counsel in the county court, as is often the ease in the “peoples’ court” so their legal ability to combat the transfer from county court was quite understandably limited.
Case returned to county court, appeal dismissed.
ORFINGER and COWART, JJ„ concur.