483 So.2d 51 (1986)
O. Alan JARED, M.D., Bethesda Radiology Associates, P.A., and Florida Physicians Insurance Reciprocal, Petitioners,
v.
Thomas Jefferson JACKSON, and Florida Patients Compensation Fund, et al., Respondents.
No. 85-1449.
District Court of Appeal of Florida, Fourth District.
January 22, 1986.
Rehearing Denied March 7, 1986.
*52 Robert M. Klein and Debra J. Snow of Stephens, Lynn, Chernay & Klein, Miami, for petitioners.
Timothy J. Hmielewski, Fort Lauderdale, for respondents.
HERSEY, Chief Judge.
The single issue presented by the petition for writ of certiorari under consideration is whether the trial court has jurisdiction to enforce a settlement agreement entered into after final judgment has been rendered and become final for all purposes. We answer in the negative, grant the writ and quash the offending order.
O. Alan Jared, M.D., Bethesda Radiology Associates, P.A., and Florida Physicians Insurance Reciprocal, petitioners here, were co-defendants with others in a medical malpractice action. After a jury trial, final judgment was entered against them, and the court awarded attorney's fees against them as well. During the course of an appeal of the final judgment and order awarding attorney's fees, the parties settled the litigation. The order on attorney's fees was settled conditionally by a letter agreement. When the parties were unable to agree upon whether the condition for disbursement of the fees had been met, respondents filed a motion in the original malpractice action to enforce the settlement agreement. The resulting order is the subject of the present petition.
It is well established in this state that Once a final judgment has been rendered and the time for filing a petition for rehearing or motion for new trial has passed the court loses all jurisdiction over the cause other than to see that proper entry of the judgment or decree is made and that the rights determined and fixed by it are properly enforced.
Seddon v. Harpster, 438 So.2d 165, 168 (Fla. 5th DCA 1983). See also Patin v. Popino, 459 So.2d 435 (Fla.3d DCA 1984); St. Cloud Utilities v. Moore, 410 So.2d 973 (Fla. 5th DCA 1982). In the present case the final judgment and judgment awarding attorney's fees had been entered and the time for rehearing had long since passed at the time respondents moved to enforce the post-judgment settlement agreement. For this reason petitioners contend that the trial court lacked jurisdiction to enter the order enforcing the settlement agreement.
Respondents counter that a trial court has inherent jurisdiction to enforce a settlement agreement reached in a matter pending before it, citing Broadband Engineering, Inc. v. Quality RF Services, Inc., 450 So.2d 600 (Fla. 4th DCA 1984), and Buckley Towers Condominium, Inc. v. Buchwald, 321 So.2d 628 (Fla.3d DCA 1975), appeal dism., 327 So.2d 31 and 330 So.2d 15 (Fla. 1976). Those cases, however, involve prejudgment settlements where the agreements were later approved by order of the trial court. Each of the appellate courts held that in such situations the trial court could later enforce the agreement as part of its inherent jurisdiction to enforce its own orders, which includes orders based upon settlements.
Also, as noted in Massachusetts Casualty Insurance Co. v. Forman, 469 F.2d 259, 260 (5th Cir.1972), modified on other grounds, 516 F.2d 425 (5th Cir.1975), cert. denied, 424 U.S. 914, 96 S.Ct. 1114, 47 L.Ed.2d 319 (1976), "[a] trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." (emphasis added.) But the instant case involves a different situation in that the settlement agreement was entered into after the court had lost jurisdiction through entry of final judgment and expiration of the time for filing a motion for rehearing, and it does not appear from the record that the trial court entered any order approving the settlement. Therefore, the lower court's jurisdiction post-judgment was limited to enforcement of its final judgment and judgment awarding attorney's fees. It had no jurisdiction to enter an order enforcing the parties' post-judgment settlement agreement.
Respondents also contend that petitioners are barred from challenging the *53 trial court's jurisdiction by review in this court where they did not object below. The cases cited, however, involve challenges to procedural improprieties, not to the trial court's subject matter jurisdiction. See Dubowitz v. Century Village East, Inc., 385 So.2d 1116 (Fla. 4th DCA 1980); Commodore Plaza at Century 21 Condominium Ass'n v. Cohen, 350 So.2d 502 (Fla.3d DCA 1977), cert. denied, 362 So.2d 1051 (Fla. 1978); Hall v. Davis, 106 So.2d 599 (Fla. 1st DCA 1958). A contention that the trial court lacked subject matter jurisdiction is not waived by failure to object in the lower tribunal and may be raised for the first time at the appellate level. City of West Palm Beach v. Palm Beach County Police Benevolent Ass'n, 387 So.2d 533 (Fla. 4th DCA 1980); Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980).
The order on motion to enforce settlement having been entered by the trial court without subject matter jurisdiction constitutes a departure from the essential requirements of the law and it is therefore quashed.
CERTIORARI GRANTED; ORDER QUASHED.
GLICKSTEIN and HURLEY, JJ., concur.