498 So.2d 695 (1986)
GEORGE VINING & SONS, INC., Appellant,
v.
Farida R. JONES, et al., Appellees.
No. 86-672.
District Court of Appeal of Florida, Fifth District.
December 18, 1986.
*696 Jack Singbush, P.A., Ocala, for appellant.
H.B. Giedzinski, Ocala, for appellees.
COWART, Judge.
The parties to a pending law action for money damages for breach of a contract relating to the roof on a house "settled" the case by entering into a stipulation in which the defendant agreed to put a new roof on the house in a certain detailed manner. The parties then had the trial court enter a "final judgment on stipulation" which "approved" the stipulation and ordered the parties to comply with it. About ten months later, on October 17, 1984, the plaintiff filed a "petition to enforce final judgment on stipulation" alleging that the defendant had failed to perform according to the stipulation. After a hearing had been set on the petition for the fifth time, the defendant on April 8, 1986, filed a response to the petition in the form of an answer asserting certain affirmative defenses. The plaintiff moved to strike the *697 defendant's response to the petition as untimely and unconscionable. The trial court granted the motion and the defendant appeals.
We initially denied a motion to dismiss this appeal because on its face the appeal appeared to seek review of a non-final order entered after final order on an authorized motion as is appealable under Florida Rule of Appellate Procedure 9.130(a)(4). We now dismiss this appeal because, notwithstanding its title, the "final judgment on stipulation" is in fact, in law, and in substance, not final, not a judgment, and is not valid. It is not final because it did not conclude the judicial labor in the case. It is not a judgment because it does not adjudicate the law or the facts necessary to determine and conclude the rights of the parties as to the legal issues presented by the pleadings to the court for determination. It is not valid because the court's basic subject matter jurisdiction, invoked by the original pleadings in this case, was the power and authority of the court to enter, or to decline to enter, a money judgment for damages for a breach of contract and the "final judgment on stipulation" neither enters nor declines to enter such a judgment.
In a civil action at law, as distinguished from certain actions in equity (and as distinguished from enforcement of (1) basic judicial authority to act, (2) procedural court rules, including discovery, and (3) the issuance of certain extraordinary legal writs, such as ejectment, prohibition, mandamus, quo warranto, etc.), a law court has only the jurisdiction either to enter, or to decline to enter, a money judgment. In certain equity actions, such as those involving remedies of injunction, specific performance, and dissolution of marriage, an equity court can order a defendant to do, or to not do, a specific act. However, such equitable remedies are limited in scope by established equitable principles. For example, specific performance of a contract is limited to those involving a unique subject matter such as an agreement to convey land. The equitable remedy of specific performance was not available to enforce the original contract in this case as it merely related to the condition or repair of the roof of a house; nor was it available to enforce the second, stipulated agreement to replace the roof. As a practical matter the "stipulation" in this case did not "settle" with finality the legal issues in the pending case  the parties merely substituted a new agreement for their old agreement. The trial court in this law action had no jurisdiction to require specific performance of the old breached agreement and it had even less jurisdiction and authority to order specific performance of the new, unbreached, and unperformed "stipulated" agreement. For the breach of an agreement to convey a good roof, or to make repairs to or replace a bad one, the law provides no remedy of specific performance by a particular person, only money damages for the breach of such an agreement. The only reason for having a court "approve" such an agreement and to "order" its performance is the implicit expectation that somehow that judicial blessing will cause a quite ordinary agreement to become some type of "super" or extraordinary legal agreement which can be specifically enforced by the court's use of its contempt power rather than to be subject only to the usual remedy of money damages. The "final judgment on stipulation" cannot be enforced under Florida Rule of Civil Procedure 1.570(c) as a judgment for the performance of a specific act or contract because the lower court did not have the authority, even by stipulation, to enter a valid enforceable order for the defendant to perform his new agreement to replace the roof in question. The parties could not stipulate jurisdiction upon the trial court to do this because it was beyond the judicial function and power. If the "final judgment on stipulation" did not do this (and it did not), in essence, it lacked judicial efficacy. For all practical purposes the "final judgment on stipulation" served no legal function and is null and void as beyond the judicial power as well as being beyond the invoked subject matter jurisdiction of the trial court in this particular case. If the plaintiff accepted the new *698 stipulated agreement in lieu of her cause of action for money damages for breach of the old agreement, then the acceptance of the new agreement would have accomplished an accord and satisfaction of her cause of action on the old contract, which was the subject of the pending law action, and would have ended that action and cause. If so, that action should have been dismissed. If and when the defendant breached the new agreement a new cause of action came into existence and the plaintiff should have instituted a new law action for money damages for breach of the new agreement. If this had been done the general rules of pleading would have applied and the defendant would have had a fixed time to serve his answer under Rule 1.140(a). The problems involved in trying to litigate the breach of the new agreement, through the homemade post-judgment motion proceeding in the old action on the old agreement which proceeding is the cause of this appeal, would have been avoided. The "final judgment on stipulation" being ineffectual, the proceedings to "enforce" it are for naught, as is this appeal. See Wallace v. Townsell, 471 So.2d 662 (Fla. 5th DCA 1985).
APPEAL DISMISSED.
ORFINGER and SHARP, JJ., concur.