632 So.2d 680 (1994)
WESTERN WASTE INDUSTRIES, INC. OF FLORIDA and Clifford Charles Brown, Petitioners,
v.
Joyce ACHORD, an Individual and Rory Maudlin, a Minor, Suing by and through His Mother and Next Friend, Joyce Achord, Respondents.
No. 93-2433.
District Court of Appeal of Florida, Fifth District.
February 25, 1994.
Lamar D. Oxford and F. Scott Pendley of Dean, Ringers, Morgan & Lawton, Orlando, for petitioners.
*681 James H. Tipler, Fort Walton Beach, for respondents.
GRIFFIN, Judge.
Petitioners, Western Waste Industries, Inc. of Florida ["Western"] and Clifford Charles Brown seek certiorari review of an order of the lower court setting aside an agreement reached in mediation. The threshold question is whether there is a jurisdictional basis for review of the challenged order. Although the appealed order can be characterized in various ways, it appears most analogous to an order imposing sanctions against petitioners for failure to comply with the court's order scheduling mediation. The offense was the failure of Western to send someone to mediation with the requisite "full authority" to settle the case. The sanction imposed under the order was rescission of the settlement agreement. The effect of the order is to require petitioners to continue the litigation. Since the purpose of mediation is to avoid further litigation by reaching a settlement agreement, if the petitioners are required to continue litigating the case prior to appealing this order, they will have no adequate remedy on appeal because the sanction imposed already will have been suffered and cannot be undone.
Having concluded that the order in question is reviewable by certiorari, the second question is whether the order represents a material departure from the essential requirements of the law. We conclude that it does. See Avril v. Civilmar, 605 So.2d 988 (Fla. 4th DCA 1992).
This lawsuit arose out of a collision between a truck owned by petitioner, Western, and a vehicle driven by the respondent, Joyce Achord, in which her son was a passenger. The respondents sought recovery of damages in negligence and demanded $1,000,000 to settle the case. Western filed an offer of settlement pursuant to section 768.79, Florida Statutes, offering a total of $15,002 to settle. The parties were then ordered to mediation by the trial court. As quoted by the lower court, the order provided:
3. THE GENERAL RULES GOVERNING SAID MEDIATION CONFERENCE SHALL BE AS FOLLOWS: A. THE APPEARANCE OF COUNSEL WHO WILL TRY THE CASE AND CLIENTS OR REPRESENTATIVES OF EACH PARTY WITH FULL AUTHORITY TO ENTER INTO A FULL AND COMPLETE COMPROMISE AND SETTLEMENT IS MANDATORY. ("Full Authority" as to the party claimed against shall mean settlement amount authority equalling the most recent settlement demand of the claimant... .)
It appears from the court's order that the intent of the order is to conform to the mediation procedures in Florida Rule of Civil Procedure 1.720.
An agreement to settle the case in the amount of $50,000 was reached in mediation and reduced to writing on July 21, 1993. A settlement check was mailed to the respondents on August 12, 1993. On September 3, 1993, the respondents filed a motion to cancel the settlement agreement alleging that the drafts were not delivered timely and that petitioners had failed to appear at mediation with the requisite "full authority to settle." It is apparently undisputed that the person sent to mediation by Western had authority to settle for an amount up to $40,000 and had to make a phone call in order to secure the extra $10,000 so that the $50,000 could be agreed upon at the mediation.
The lower court granted the respondents' motion to set aside the mediation agreement based upon the petitioners' failure to comply with the "full authority" requirement. The court expressed the view at the hearing that since $1,000,000 was the amount of the most recent demand, petitioners' had the obligation to send someone to mediation who had the power to settle in that amount.
We pretermit any discussion of whether the petitioners violated the court's "full authority" order by failing to bring someone with $1,000,000 settlement authority but we grant the writ because we conclude that the respondents, upon learning that the petitioners had sent someone without "full authority" to settle during the mediation, had two options  either to terminate the mediation and seek sanctions for the petitioners' *682 failure to comply with the mediation rule and the court's order, or to waive the violation and proceed to a final mediation agreement.[1] Having elected the latter, the respondents cannot be allowed to avoid their agreement on the basis of the antecedent rule violation.[2]
WRIT GRANTED; ORDER QUASHED and REMANDED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] We find support for this conclusion in Florida Rule of Civil Procedure 1.720, which governs mediation. As designed, the failure to appear with full authority is equivalent to the failure to appear at all. This is what gives rise to sanctions. Since agreement was reached by the parties at mediation, it is nonsensical to say that petitioner was not present at mediation.
[2] We do not perceive that our ruling interferes with the court's proper power to enforce its orders or to punish violations.