680 So.2d 573 (1996)
Walter Earl NAGHTIN, Sr., Walter Earl Naghtin, Jr., and Doris Naghtin, d/b/a Goldilocks and the Bears, Appellants,
v.
Gadis JONES, a Minor Child By and Through Gina JONES, His Natural Mother and Next Friend, and Gina Jones, Individually, Appellees.
No. 94-2001.
District Court of Appeal of Florida, First District.
September 4, 1996.
Rehearing Denied October 24, 1996.
*574 Raymond Ehrlich of Holland & Knight, Jacksonville, for Appellants Naghtins and Goldilocks and the Bears, et al.
T. Geoffrey Heekin and Alan S. Wachs of Crabtree, Bartlett & Heekin, P.A., Jacksonville, for T.H.E. Insurance Company.
Maria P. Sperando of Gary, Williams, Parenti, Finney, Lewis & McManus, Fort Pierce, for Appellees.
BENTON, Judge.
This case raises the question whether, when parties to a lawsuit cannot agree on the effect of a purported settlement agreement and the trial court determines that the agreement *575 settles part but not all of the case, we have jurisdiction to review the trial court's determination, even though the caseor part of itremains pending in the trial court, because no judgment or other final order has been entered. We conclude that we do not have such jurisdiction.
Appellants are defendants in a suit for personal injuries inflicted by a bear. They have been here before. After judgment was entered against them in the amount of $1,267,750including $750,000 awarded on a wage loss claimthey appealed, and we vacated the entire judgment. Naghtin v. Jones, 629 So.2d 1109 (Fla. 1st DCA 1994). During the pendency of the prior appeal, the parties entered into a so-called "high-low agreement," under which the defendants and their insurance company paid the plaintiffs $800,000, and agreed to pay an additional $400,000, depending on the outcome of that appeal.
On remand, the defendants argued against further proceedings on grounds the case had been settled, while the plaintiffs contended that the parties' agreement required the defendants to pay an additional sum of money and sought a court order requiring the payment. The trial court's order denying plaintiffs' motion to enforce settlement agreement declined to order any additional payment but decreed that "the plaintiffs may proceed to trial solely on the wage loss claim issue, noting a cap of $400,000 on any verdict...."
The present appeal is taken from this order, which is clearly not a final order reviewable under Florida Rule of Appellate Procedure 9.030(b)(1)(A), appellants' half-hearted protestations notwithstanding. The notice of appeal recites that the "nature of the order is a final order" or "[a]lternatively... an appealable non-final order," and appellants' initial brief also asserts finality (again in the alternative) at least as to the insurance company:
This is an appeal from an order of the Circuit Court which ends all further judicial labor with respect to the T.H.E. Insurance Co., determines the immediate right to possession of $800,000.00 in settlement proceeds, grants partial rescission of a settlement agreement, and requires a limited new trial of the otherwise settled underlying tort action to determine the right to another $400,000 in settlement funds.
The order denying plaintiffs' motion to enforce settlement agreement does not end "all further judicial labor with respect to the T.H.E. Insurance Co." No money judgment has ever been entered against the insurance company. The insurance company was not even a party below. Addition of its name to the notice of appeal does not make it a party here. See Diehl v. United States, 438 F.2d 705, 711 (5th Cir.1971), cert. denied, 404 U.S. 830, 92 S.Ct. 67, 30 L.Ed.2d 59 (1971)("He was not a party below; he cannot be a party to this appeal."). Cf. Barendrecht v. Clark, 244 Or. 524, 419 P.2d 603 (1966)(indemnitor allowed to intervene on appeal). Regardless of the insurance company's party status, the order denying plaintiffs' motion to enforce settlement agreement is non-final.
This non-final order does not determine the right to immediate possession of the money appellants paid under the settlement agreement. In opposition to the plaintiffs' motion to enforce settlement agreement, the defendants contended that they should not have to pay any more than the $800,000 they had already paid under a settlement agreement which they argued was unambiguous and should be enforced. They did not ask for the money back. Certain contingent arguments in opposing memoranda notwithstanding, no party ever filed a motion seeking return of the $800,000 the plaintiffs received. Cf. Smith v. Daniel Mones, P.A., 458 So.2d 796 (Fla. 3d DCA 1984), approved in part, quashed in part, 486 So.2d 559 (Fla.1986). Plaintiffs have not cross appealed. We do not have jurisdiction to review a non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii).
In ruling that the plaintiffs could pursue their wage loss claim, the non-final order entered by the trial court did not determine the issue of liability on the wage loss claim in favor of the plaintiffs. We do not have jurisdiction to review a non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) or under Florida Rule of *576 Appellate Procedure 9.130(a)(4). See Maryland Cas. Co. v. Century Const. Corp., 656 So.2d 611 (Fla. 1st DCA 1995); but see Mogul v. Fodiman, 406 So.2d 1225 (Fla. 5th DCA 1981); Lahav Flooring and Fixtures, Inc. v. Weinstein, 590 So.2d 1055 (Fla. 3d DCA 1991). Nor is this a case where our jurisdiction has been invoked to enforce a mandate. Cf. Stuart v. Hertz Corp., 381 So.2d 1161 (Fla. 4th DCA 1980); Department of Transp. v. Burnette, 399 So.2d 51 (Fla. 1st DCA), review denied, 408 So.2d 1092 (Fla.1981).
As for partially rescinding a settlement agreement and requiring a limited new trial, the trial court had plenary authority, once the case was remanded to it, to define the issues to be retried, in keeping with the mandate. Even when not incorporated in a court order, a stipulation in writing subscribed by the parties and their counsel, which is designed to obviate or delimit litigation, can and should be enforced by the judge before whom the case is pending. To the extent it was necessary to construe the parties' written settlement agreement in doing so, the trial court acted well within its jurisdiction.[*] To enforce a stipulation, a court must construe it. See Adams v. Ludwig, 473 So.2d 277, 277 (Fla. 5th DCA 1985).
If the trial court has misconstrued the parties' agreement, the defendants' remedy is by appeal from the final judgment (if an adverse judgment is ever entered against them). Although we have clear authority to treat a notice of appeal as a petition for writ of common law certiorari, in keeping with Florida Rule of Appellate Procedure 9.040(c)("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought...."), see Pridgen v. Board of County Comm'rs of Orange County, 389 So.2d 259 (Fla. 5th DCA 1980), review denied, 397 So.2d 777 (Fla.1981), the present case does not warrant the grant of a petition for writ of common law certiorari, either.
That a non-final order puts the parties to the expense of a trial that an appeals court may later determine to have been unnecessary is not a proper ground for the grant of a petition for writ of common law certiorari. Every order denying a motion to dismiss is of this nature.

*577 [I]n civil cases certiorari is rarely granted because the petitioner generally cannot show that any potential injury cannot be rectified on appeal. The caselaw is clear that "[c]ertiorari is not designed to serve as a writ of expediency and should not be granted merely to relieve the petitioners seeking the writ from the expense and inconvenience of a trial." Whiteside v. Johnson, 351 So.2d 759, 760 (Fla. 2d DCA 1977). See also Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987)(litigation of a non-issue and inconvenience and expense of same not the type of harm sufficient to permit certiorari review); Continental Equities, Inc. v. Jacksonville Trans. Auth., 558 So.2d 154 (Fla. 1st DCA 1990)(fact that if ruling on damages was incorrect, matter would have to be retried after appeal and at great expense to the parties did not entitle petitioner to writ of certiorari to review the ruling); Kessel Const. Corp. v. Clark-Haney Dev. Team, 487 So.2d 1123 (Fla. 4th DCA 1986)(Glickstein, J., concurring)(cost of trial and appeal is not the kind of damage certiorari is intended to forestall); Leibman v. Sportatorium, Inc., 374 So.2d 1124 (Fla. 4th DCA 1979)(fact that petitioner might have to go through a needless trial did not constitute material injury of an irreparable nature); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975)(fact that petitioner would have gone through trial under the burden of the order complained of, would incur substantial expenses for experts and case might need to be retried was not sufficient to show irreparable harm).
Riano v. Heritage Corp. of South Fla., 665 So.2d 1142, 1145 (Fla. 3d DCA 1996). On the other hand, the decision in Western Waste Indus., Inc. of Fla. v. Achord, 632 So.2d 680 (Fla. 5th DCA 1994)(granting a petition for common law certiorari and overturning an order setting aside an agreement reached in mediation) lends some support to the defendants' position that we should review the order denying plaintiffs' motion to enforce settlement agreement here.
But more was involved in Achord than construing a settlement agreement. Indeed, there seemed to be no question about what the parties in Achord had assented to. The Achord court characterized the order at issue therewhich it found to be "a material departure from the essential requirements of the law"as "most analogous to an order imposing [unauthorized] sanctions." 632 So.2d at 681. Nothing so dramatic occurred here. We are unwilling to open the floodgates to reviewing all non-final orders construing stipulations in pending cases. The present case is not a case where "the remedy of [final] appeal ... would appear to be inadequate." Bullard v. Sharp, 407 So.2d 1023, 1024 (Fla. 4th DCA 1981). In the present case, "ultimately errors [in interpreting the settlement agreement, if any] may be rectified by an appeal [from a final judgment adverse to the defendants, if any]." Id.
The appeal taken from the order denying plaintiffs' motion to enforce settlement agreement is accordingly dismissed. Treating the papers on which the appeal was taken as a petition for writ of common law certiorari, the petition is likewise dismissed.
ERVIN, J., concurs.
VAN NORTWICK, J., dissents with opinion.
VAN NORTWICK, Judge, dissenting.
I respectfully dissent. In the non-final order appealed, the trial court did not simply interpret, but rather rescinded in part and materially reformed the settlement agreement. Because I conclude that the trial court in this tort action was without jurisdiction to determine the contractual disputes inherent in the rescission, reformation or modification of the settlement agreement, pursuant to Florida Rule of Appellate Procedure 9.040(c), I would treat this appeal as a petition for writ of certiorari, grant the petition, issue the writ of certiorari, and quash the order of the trial court.

Additional Factual and Procedural Background
In 1988, the Joneses sued the Naghtins and others for damages after Gadis Jones was bitten by one of the bears in the Naghtins' travelling show, "Goldilocks and the Bears." Following a jury trial, the trial *578 court entered a final judgment against the Naghtins in the amount of $1,267,750, including $750,000 awarded for lost future earnings. In May 1992, the Naghtins appealed the final judgment to this court raising several issues, including whether the evidence was legally sufficient to support a $750,000 award for Gadis Jones' future lost wages.
In February 1993, the Naghtins and their insurance company, T.H.E. Insurance Company, entered into a settlement agreement with the Joneses under which the Joneses were paid $800,000 in settlement of all claims except the wage loss claim. Regarding that claim, the settlement agreement provided that the appellants would pay the Joneses an additional $400,000 in the event "the $750,000 wage loss claim ... is ultimately affirmed in whole at the conclusion of the appellate process," but the Joneses would accept the $800,000 in full settlement in the event "the $750,000 wage loss claim ... is reversed, modified or remanded." The trial court approved the settlement agreement and the disbursement of the $800,000 pursuant to section 744.387, Florida Statutes (1993).
On January 20, 1994, this court issued an opinion in the Naghtins' appeal of the final judgment. This court determined that the trial court had erred in failing to disclose to the jury a settlement which the Joneses had made with another defendant in the case, and reversed and remanded for a new trial on all issues. The opinion did not address the appropriateness of the $750,000 award for lost future wages, expressly finding it unnecessary to address any of the other issues raised in the appeal. Naghtin v. Jones, 629 So.2d 1109 (Fla. 1st DCA 1994).
Shortly thereafter, the Joneses filed a motion in the tort action ostensibly seeking to enforce the high-low portion of the settlement agreement. Although the Joneses acknowledged that the settlement agreement did not expressly address the rights and obligations of the parties in the event the $750,000 wage loss award was not affirmed, reversed, modified or remanded on appeal, they argued that:
[T]he Settlement Agreement, when interpreted in accordance with the intentions of the parties, provides that should the $750,000.00 wage loss claim not be affirmed, reversed, modified or remanded on appeal, the $400,000.00 at issue should be divided equally between the parties.
After a hearing, the trial court entered the order appealed.
In the appealed order, the trial court found that the high-low provisions were unambiguous. Interpreting the settlement agreement, the court concluded that in entering into the high-low portion of the settlement agreement, the parties intended to settle the wage loss issue in a manner consistent with the appellate court's disposition of that specific issue on appeal. The trial court found the parties had labored under a mutual mistake of fact, however, in that they believed this court would address the wage loss issue in resolving the appeal. Nevertheless, the court ruled that the high-low provisions were severable from the remainder of the settlement agreement, and, thus, the court concluded that it was not necessary to rescind the entire agreement. Reforming the agreement, the court rescinded the high-low portion of the agreement and ruled that the Joneses were free to resume litigation of the damages portion of the underlying tort action solely as to the wage loss claim. Further modifying the express provisions of the settlement agreement, the trial court also ruled that in no instance would Jones be entitled to receive more than $400,000 for future wage loss at any future trial, regardless of any jury verdict in a greater amount. The Naghtins appealed, arguing, among other things, that the trial court erroneously rewrote the settlement agreement.

Appellate Jurisdiction
I agree with the majority opinion that this court has jurisdiction to review the instant non-final order only pursuant to its certiorari jurisdiction. Appellants urge that, even if they have inappropriately sought review under Rule 9.130, this court can (and should) treat their appeal as a petition for writ of certiorari under Florida Rule of Appellate Procedure 9.040(c). Certiorari review of a non-final order can be granted when the petitioner demonstrates that the order complained of was rendered by the lower court in *579 excess of its jurisdiction or does not conform to essential requirements of law and may cause material injury through subsequent proceedings for which remedy by appeal will be inadequate. Gadsden County Times, Inc. v. Horne, 382 So.2d 347, 348 (Fla. 1st DCA), rev. denied, 389 So.2d 1109 (Fla.1980). Appellants argue that, because the trial court below was without jurisdiction to enter the order sought to be reviewed, this court should grant certiorari relief. For the reasons set forth below, on the authority of George Vining & Sons, Inc. v. Jones, 498 So.2d 695 (Fla. 5th DCA 1986); Wallace v. Townsell, 471 So.2d 662 (Fla. 5th DCA 1985); and Jared v. Jackson, 483 So.2d 51 (Fla. 4th DCA 1986), I agree.

Trial Court Jurisdiction Over Settlement Agreement
In George Vining & Sons, Inc. v. Jones, 498 So.2d 695 (Fla. 5th DCA 1986), the parties to a breach of contract action settled by substituting a new agreement for the contract in litigation. The trial court entered a final judgment approving the settlement stipulation. When a dispute developed over performance of the settlement agreement, the plaintiff filed a petition in the former breach of contract action seeking to enforce the final judgment, alleging that the defendant had failed to perform according to the settlement agreement. The trial court granted the motion to enforce. The Fifth District Court of Appeal, holding that the trial court had no subject matter jurisdiction to enter such an order, reversed and stated:
If the plaintiff accepted the new stipulated agreement in lieu of her cause of action for money damages for breach of the old agreement, then the acceptance of the new agreement would have accomplished an accord and satisfaction of her cause of action on the old contract, which was the subject of the pending law action, and would have ended that action and cause. If so, that action should have been dismissed. If and when the defendant breached the new agreement a new cause of action came into existence and the plaintiff should have instituted a new law action for money damages for breach of the new agreement.
Id. at 697-98; see also, Wallace v. Townsell, 471 So.2d 662, 665 (Fla. 5th DCA 1985)("If the settlement agreement was breached that matter should have been the subject of a separate action in which one of the parties pleaded a cause of action based on the settlement agreement and the other pleaded any legal defense to the asserted cause of action").
Similarly, in Jared v. Jackson, 483 So.2d 51 (Fla. 4th DCA 1986), the Fourth District, granting a petition for writ of certiorari, held that the trial court had no "jurisdiction to enforce a settlement entered into after a final judgment has been rendered and become final for all purposes." Id. at 52. In Jared, final judgment was entered in a medical malpractice action. During the course of an appeal of the final judgment, the parties settled the litigation. Subsequently, an issue arose as to whether the conditions for disbursement of the fees under the settlement agreement had been met. The plaintiffs filed a motion to enforce the settlement agreement in the underlying tort action, for which the trial court assumed jurisdiction. The Fourth District reversed, holding that, where a settlement agreement is entered after the trial court has lost jurisdiction through entry of a final judgment and expiration of the time for filing a motion for rehearing, "the lower court's jurisdiction post-judgment was limited to enforcement of its final judgment and judgment awarding attorney's fees. It had no jurisdiction to enter an order enforcing the parties' post-judgment settlement agreement." Id. at 52.
Here, as in Jared, the parties entered into the settlement agreement after the trial court had lost jurisdiction through entry of a final judgment and appeal to this court.[*] *580 The parties' settlement agreement replaced whatever rights and obligations existed under the former tort cause of action. The trial court would not have jurisdiction over a dispute arising out of the settlement agreement merely by virtue of having had jurisdiction over the case that was settled. Accordingly, unless the trial court retains jurisdiction or incorporates the agreement into the judgment, see, White Farm Equipment Co. v. Kupcho, 792 F.2d 526, 529 (5th Cir.1986)("A settlement agreement is a contract, but, when incorporated into a judgment, [it] becomes a court decree."), the trial court has only limited jurisdiction with respect to a settlement agreement entered into after entry of a final judgment. In those circumstances, the trial court is limited to determining the existence of the agreement, and, upon finding that a settlement agreement existed, to dismiss the former cause of action. George Vining & Sons, Inc. v. Jones, 498 So.2d at 697-98.
Distinguishing Jared, the majority opinion concludes that the prior opinion of this court, Naghtin, supra, 629 So.2d 1109, by reversing the final judgment of the trial court, gave the trial court below jurisdiction and broad authority over the settlement agreement. I cannot agree. Even if the trial court here had jurisdiction to enforce the settlement agreement, the appellees' motion sought more than mere enforcement, but called for the trial court to judicially modify, reform and rescind the agreement. Under the above authority, I must conclude that the trial court below had no jurisdiction to grant relief for breach, rescission or reformation of the settlement agreement or to modify the terms of the parties' agreement. Wallace v. Townsell, 471 So.2d at 665; Jared v. Jackson, 483 So.2d at 52. In this conclusion, I adopt the following reasoning of the Fourth District in Buonopane v. Ricci, 603 So.2d 713, 714 (Fla. 4th DCA 1992):
Although we may appear to some degree to be putting form over substance, we emphasize that we are not free to vest courts with jurisdiction out of the blue. There is a substantial difference between an action for damages for breach of contract, and a motion to compel compliance with a court-sanctioned judgment or order. The trial court possesses broad authority to fashion a variety of remedies in the latter situation, and its authority to do so must be clear. Here, we have determined that the parties, at their own choosing, have substituted a contract for a tort. Having done so, they are limited to contract remedies.
In short, I believe that the majority opinion errs in not recognizing that, where one of the parties to a settlement agreement wishes to bring an action for breach, reformation or rescission of that agreement, in the absence of an express retention of jurisdiction by the trial court in the underlying case, such a contract cause of action must be brought in a separate and new plenary proceeding. George Vining & Sons, Inc. v. Jones, 498 So.2d 695 (Fla. 5th DCA 1986); Wallace v. Townsell, 471 So.2d 662 (Fla. 5th DCA 1985).
NOTES
[*] The dissent contends that the trial court did not have jurisdiction to enter the order denying plaintiffs' motion to enforce settlement agreement. But the trial court's authority to enter such an order in a pending case is clear. The present case differs from Jared v. Jackson, 483 So.2d 51, 52 (Fla. 4th DCA 1986) where the issue was "whether the trial court has jurisdiction to enforce a settlement agreement entered into after final judgment has been rendered and become final for all purposes." In the Jared case, Judge Hersey had no quarrel with the proposition "that a trial court has inherent jurisdiction to enforce a settlement agreement reached in a matter pending before it ... Broadband Engineering, Inc. v. Quality RF Services, Inc., 450 So.2d 600 (Fla. 4th DCA 1984), and Buckley Towers Condominium, Inc. v. Buchwald, 321 So.2d 628 (Fla. 3d DCA 1975), appeal dism., 327 So.2d 31 and 330 So.2d 15 (Fla.1976)." Id. He explained: "Those cases, however, involve prejudgment settlements where the agreements were later approved by order of the trial court." Id. To like effect, the Jared court said:

Also, as noted in Massachusetts Casualty Insurance Co. v. Forman, 469 F.2d 259, 260 (5th Cir.1972), modified on other grounds, 516 F.2d 425 (5th Cir.1975), cert. denied, 424 U.S. 914, 96 S.Ct. 1114, 47 L.Ed.2d 319 (1976), "[a] trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." (emphasis added.) But the instant case involves a different situation....
Id. Similarly, the present case involves a "different situation" than obtained in Jared or in Buonopane v. Ricci, 603 So.2d 713 (Fla. 4th DCA 1992) where the action had already been dismissed with prejudice or in Wallace v. Townsell, 471 So.2d 662 (Fla. 5th DCA 1985) where final judgment had been entered and never appealed. In George Vining & Sons, Inc. v. Jones, 498 So.2d 695 (Fla. 5th DCA 1986), the appeal was dismissed, despite concerns the appellate court expressed (in dicta) about the trial court's jurisdiction.
A trial court has jurisdiction to enforce a settlement agreement in a case pending before it. Earlier in the present case, when we vacated the final judgment and remanded, Naghtin v. Jones, 629 So.2d 1109 (Fla. 1st DCA 1994), we rendered that judgment a legal nullity. With issuance of the mandate, we returned the case to the jurisdiction of the trial court, where it was pending at the time the order under review was entered. The Jared court concluded only that, once a court loses jurisdiction of a case, it also loses jurisdiction to enforce a settlement not incorporated into a court order. Here the case was still pending in the trial court.
[*] Once an appeal has been filed the trial court's jurisdiction to proceed and conduct further proceedings is limited, and the appellate court retains exclusive jurisdiction as to the subject matter of the appeal. Bailey v. Bailey, 392 So.2d 49, 52 (Fla. 3d DCA 1981). I believe that considerable confusion might have been avoided in this case if, during pendency of the first appeal, the parties had advised this court that all issues had been settled except the future wage loss claim. Instead, the parties settled all claims, except the wage loss claim, and immediately released each other from all liabilities connected with the subject matter of the suit. Yet, inexplicably, the parties continued litigating those same claims in the first appeal before this court.