721 So.2d 386 (1998)
Keith CROTEAU, Mary Ellen Croteau, James Berlin, United Chamber Services, Inc., and ATM Debit Services, Inc., Petitioners,
v.
OPERATOR SERVICE COMPANY OF SOUTH FLORIDA, INC., John J. Ford, Susan L. Ford, National Bell Telecom, Inc., and Unknown John Deos, Respondents.
No. 98-2782.
District Court of Appeal of Florida, Fourth District.
November 12, 1998.
Clarification Granted December 7, 1998.
Mark S. Sussman, North Miami Beach, and Mark L. Pomeranz of Pomeranz & Landsman, P.A., North Miami, for petitioners.
No response required for respondents.

*387 ORDER DETERMINING JURISDICTION
KLEIN, J.
Petitioners seek a writ of common law certiorari from a trial court order denying a motion to enforce a settlement agreement. We conclude that certiorari does not lie, but that the order is appealable as a partial final judgment under Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla.1974).
Petitioners (appellants) were sued by appellees in a commercial case. Pursuant to a court order and agreement of the parties, a mediation conference was held after which a settlement agreement was executed. When one of the parties refused to go along with the settlement, taking the position that she was not bound by it, appellants filed a motion in the trial court to enforce the settlement. Such a motion is authorized by Florida Rule of Civil Procedure 1.730(c), which authorizes sanctions for failure to perform agreements entered into after mediation including "entry of judgment on the agreement." The trial court denied enforcement as to all parties, and the appellants filed this petition for certiorari.
In Naghtin v. Jones, 680 So.2d 573 (Fla. 1st DCA 1996), rev. denied, 691 So.2d 1080 (Fla.1997), the first district concluded that common law certiorari does not lie from an interlocutory order denying enforcement of a settlement agreement. We agree with the reasons given by the first district in Naghtin and likewise conclude that certiorari does not lie.[1]
Florida Rule of Appellate Procedure 9.040(c) provides that if a party seeks an improper remedy "the cause shall be treated as if the proper remedy had been sought." Although certiorari is not the proper remedy here, we have concluded that the order denying the motion to enforce settlement is a partial final judgment which we have jurisdiction to review.
In Mendez our supreme court held that where there are "severable distinct causes of action" in the same suit, a judgment disposing of one cause of action, but leaving others still pending, is a final appealable judgment. The distinct causes of action in Mendez included a count based on fraudulent issuance of an insurance policy, and a count based on a breach of the policy after it was issued. The test this court uses to determine whether an order is appealable under Mendez is "whether the counts arise from a set of common facts or a single transaction..." Altair Maintenance Serv., Inc. v. GBS Excavating, Inc., 655 So.2d 1281, 1282 (Fla. 4th DCA 1995).
We conclude that the rule 1.730(c) motion to enforce the agreement reached in mediation is the equivalent of a count based on a separate and distinct cause of action under Mendez. The motion to enforce is grounded on separate and distinct facts which are unrelated to the facts underlying the complaint, which alleges trade secret violations, breach of fiduciary duty, tortious interference, and conspiracy. The order denying the motion to enforce is, therefore, a partial final judgment within the meaning of Florida Rule of Appellate Procedure 9.110(k), which may be appealed when the order is entered, or after the final judgment in the entire case.
We therefore redesignate the petition for certiorari as a notice of final appeal and authorize the appendix to be used as the record. We will also entertain motions to treat these appeals as non-final appeals, in effect expediting them, where trial court proceedings *388 may become moot if we enforce the settlement.
POLEN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] In Western Waste Industries, Inc. of Florida v. Achord, 632 So.2d 680 (Fla. 5th DCA 1994) the trial court vacated an agreement reached in mediation in order to sanction one of the parties to the agreement, and the fifth district held that certiorari would lie to review the sanction. The Achord court found there would be no adequate remedy on appeal, a requirement for certiorari, because the petitioners would have been "required to continue litigating the case prior to appealing this order." Addressing Achord, the Naghtin court explained, that is not the type of harm sufficient to permit certiorari review, citing Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). See also Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975) (expense of having to go through trial is not irreparable harm for purposes of certiorari).