806 So.2d 578 (2002)
Evens DELMAS and Mercidieu Hyancinthe, Appellants,
v.
Renee S. HARRIS and Marc Harris, Appellees.
No. 4D01-4384.
District Court of Appeal of Florida, Fourth District.
January 30, 2002.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, and Jeffery A. Rubinton of Luks Koleos & Santaniello, P.A., Fort Lauderdale, for appellants.
Philip M. Burlington of Caruso Burlington Bohn & Compiani, P.A., West Palm Beach, and Richard M. Benrubi of Liggio Benrubi & Williams, P.A., West Palm Beach, for appellees.

ON MOTION TO DISMISS
FARMER, J.
Plaintiffs in a personal injury action seek dismissal of an appeal by defendants from a determination of the trial court refusing to enforce an alleged settlement of the claim before trial. Because the motion raises a unique question of jurisdiction with regard to the settlement we write to explain our decision.
After a claim was lodged against its insured, the insurance company's adjustor spoke with plaintiff Renee Harris by telephone. Apparently plaintiffs offered to settle for policy limits of $10,000 each for her and her husband's claims. During the conversation, the insurer purported to "verbally tender" policy limits. Plaintiffs faxed copies of proposed releases but refused to send originals until they had funds in their possession. After some delay, the insurer sent "drafts" to plaintiff, but the drafts were dishonored and returned to plaintiffs unpaid. Plaintiffs told *579 the insurer that they would still send the releases if the insurer wired the funds. The insurer refused to wire the funds, and plaintiffs' new counsel notified the insurer that the offer to settle was withdrawn. Plaintiffs then filed suit against the insured on the claim. The insurer later sent replacement drafts but they were refused.
Defendants later moved to amend their defenses by asserting an affirmative defense of settlement. They also filed a motion to enforce a settlement agreement, which the insurer claimed had emerged from the previously described events. Without objection to the procedure by plaintiffs, the trial court apparently proceeded to summarily try the affirmative defense of settlement in an evidentiary hearing on the motion to enforce settlement. The trial judge thereupon entered written findings, along with conclusions of law, and denied enforcement. Among other things, the trial court concluded that there had been no tender of payment by the insurer, expressly noting that there is no such thing as a "verbal tender" and that a true tender means to present funds or money in payment directly to the payee or at his immediate disposition. There was no settlement here, the court found, because no funds were tendered and without funds the offer to settle died for lack of consideration, i.e. payment or the tender of actual payment.
Several days later, the court entered a partial final judgment in favor of plaintiffs on defendants' motion to enforce settlement. It is that judgment which defendants have appealed. Plaintiffs argue that we lack jurisdiction because this partial judgment is merely a determination of one of many affirmative defenses and the appeal is thus premature. We agree and dismiss the appeal.
The permissible appeals before judgment are all laid out in rule 9.130(a), which limits review to those nonfinal orders specified. Orders that determine an affirmative defense of settlement are not among them. We agree with the court in Naghtin v. Jones, 680 So.2d 573 (Fla. 1st DCA 1996), that an order refusing to enforce an alleged settlement agreement is not an appealable order under rule 9.130(a). Nor, as the Naghtin court held, is an order denying enforcement of a settlement agreement reviewable by common law certiorari. 680 So.2d at 577 ("The case law is clear that `[c]ertiorari is not designed to serve as a writ of expediency and should not be granted merely to relieve the petitioners seeking the writ from the expense and inconvenience of a trial.'").
Further we do not believe that the partial final judgment on the affirmative defense of settlement can be deemed a final order separately appealable from the ultimate final judgment in the case. See Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla.1974). We distinguish our own decision in Croteau v. Operator Service Co. of So. Fla., 721 So.2d 386 (Fla. 4th DCA 1998), on two grounds. First, the issue there involved an actual settlement agreement which one side simply refused to carry out. Here the trial court found that there was no settlement agreement. The trial court's decision is therefore not really a determination refusing to enforce a settlement agreement but instead a decision that no settlement ever occurred and thus there was nothing to enforce. While there might be special reasons to enforce an actual settlement before any trial takes place on the underlying claim, there is no similar urgency to review an order merely determining that the parties did not in fact settle their controversy.
Second, the settlement in Croteau was the result of court-ordered mediation under rules 1.700-1.750. Rule 1.730(c) expressly authorizes the court to enter judgment on an agreement reached through mediation under these rules. Here, where *580 the allegations of a settlement were founded on events occurring outside the lawsuit, no such authority exists. As the court noted in George Vining & Sons, Inc. v. Jones, 498 So.2d 695 (Fla. 5th DCA 1986), a settlement of a law action substitutes a new claim for a prior one, which is thereby ended and should be dismissed; if the settlement is not performed plaintiff has a different cause of action for damages, which necessitates the filing of a new action. 498 So.2d 698-99.
Instead of filing an action for breach of a settlement agreement, defendants filed an affirmative defense asserting breach of a settlement of the claim in suit. As we said, the court's determination not to enforce a settlement represents a conclusion that no agreement ever came into being and therefore that particular affirmative defense is not well taken. The fact that a real settlement would end plaintiffs' claim is not especially meaningful. So too would a successful affirmative defense of the statute of limitations, but we do not recognize a pretrial determination against a limitations defense as an appealable order.
The court's conclusion that no settlement ever occurred does not end the court's labor as to plaintiffs' claim against defendants. They still must convince the jury that defendants owe them damages for negligence. A jury could find in defendants' favor, and that could make review of the settlement issue moot. For that reason review at this point is not authorized by Mendez. Defendants' remedy is to seek review of the settlement determination at the end of the case, but not now.
APPEAL DISMISSED.
STEVENSON and HAZOURI, JJ., concur.