PER CURIAM.
We have for review an order granting a motion for costs and attorneys’ fees. We affirm in part and reverse in part.
The School Board of Palm Beach County appeals an order awarding fees and costs resulting from an eminent domain proceeding against 427 Hope, Inc. (referred to as “Hope House”), a Florida not-for-profit organization that provides housing for persons suffering from HIV/AIDS. From the outset of the eminent domain proceeding, the primary disputes between the parties centered around adequate compensation for the property and the relocation of the tenants. Early negotiations led to the School Board paying off two mortgages on the property and providing certain relocation benefits to the tenants. On December 18, 2002, the court entered a final judgment as to the Hope House tenants, precluding the tenants from seeking attorneys’ fees from the School Board. On February 4, 2003, the trial court entered a stipulated final judgment between the School Board and Hope House, whereby the School Board paid $5,000 in full and final settlement of all claims. The court reserved jurisdiction to determine the entitlement of fees and costs. Subsequently, the trial court awarded Hope House $87,000 in attorneys’ fees. This appeal *242 from that order followed.. To the extent that the trial court’s attorneys’ fees award to Hope House included compensation for benefits achieved for the tenants, we reverse.
First, the trial court previously rendered a final judgment specifically precluding the tenants from seeking attorneys’ fees, and such tenants did not timely object to the final judgment. Once a final judgment has been rendered and the time for filing a motion for rehearing or, new trial has passed, the rights and obligations of the parties are determined and fixed thereby. See Jared v. Jackson, 483 So.2d 51, 52 (Fla. 4th DCA 1986). Second, section 73.092(1), Florida Statutes, specifically provides that, in eminent domain proceedings, attorney’s fees awards shall be “based solely on the benefits achieved for the client.” (emphasis added). Hope House. — not the tenants — was the; client. Thus, any award of fees for benefits achieved for the tenants is contrary to the express language of the statute.
Accordingly, we reverse and strike that portion of the attorneys’ fees award predicated on the benefits achieved for the tenants of Hope House. We remand to the trial court to recalculate the attorneys’ fees award consistent with this opinion. We have considered, the other issues raised, but find no error.
AFFIRMED in part, REVERSED in part and REMANDED.
STONE, STEVENSON and HAZOURI, JJ., concur.