ALTENBERND, Judge,
Specially concurring.
In its current posture, I reluctantly agree that this court lacks jurisdiction under the holding of the Fourth District in Delmas v. Harris, 806 So.2d 578 (Fla. 4th DCA 2002). The appellants, however, may be able to transform the issue into one that this court can review.
This is an automobile negligence case in which a vehicle owned by Mario S. Maldonado and operated by Omar Garcia struck a vehicle in which Juan Rojas and his son, Andres Rojas, were passengers. Allstate Insurance Company insured the vehicle owned by Mr. Maldonado. Within a few weeks of the accident, an attorney for Mr. Rojas made a written settlement offer to settle the motor vehicle property damage claim for $11,275. A few days later, the attorney expanded the offer to settle the two personal injury claims for the policy limits of $10,000 for each claim. This second offer required acceptance within a twenty-one day period.
Allstate was agreeable to this settlement and retained an attorney to help fulfill the terms within the short time allotted by Mr. Rojas’s attorney. The three checks for the settlement were delivered along with releases. Mr. Rojas’s attorney had the releases executed by his clients, returned the releases to Allstate, and deposited the checks.
There was a problem with the check for the property damage claim. The motor vehicle was owned by both Mr. Rojas and his wife. Apparently, a check was initially issued only in the name of Mr. Rojas. When the employee at Místate realized the car was owned by both parties, he or she cancelled that check and reissued a check in the name of both Mr. Rojas and his wife. The check that was delivered with the settlement documents was the first check and not the second check, and the bank refused to honor it. This error appears to have been an inadvertent clerical error and not an effort by Allstate to delay or disrupt the settlement.
*14 Mr. Rojas’s attorney did not seek clarification or another check from Allstate, but immediately brought this automobile negligence action. Presumably, the attorney thinks that the clerical error by Allstate can somehow be transformed into an act of bad faith that would expand Allstate’s liability. The defendants raised settlement as an affirmative defense. The trial court has merely entered an order denying the defendant’s motion to enforce the settlement and granting the Rojas’s motion for summary judgment on the affirmative defense of settlement. An order granting or denying summary judgment is rarely ap-pealable, and I agree that this order is not appealable.
On the other hand, the order does not expressly set aside the releases executed by the members of the Rojas family. It does not appear that they have alleged a count to set aside the written releases. I am inclined to believe that this type of settlement dispute is not factually interrelated with the negligence action. If the order on appeal were an order determining that the releases were unenforceable or were a partial final judgment on the issue of settlement, I am inclined to believe that we would have jurisdiction under Florida Rule of Appellate Procedure 9.110(k) because the final order would be comparable to a separate final judgment in an action for declaratory relief determining the parties’ rights and responsibilities under the executed releases.